hCANNELLA, Judge.
Plaintiff, Bobbie Colgin (Colgin), appeals from the trial court judgment rendered in this slip and fall ease granting an involuntary dismissal in favor of the defendant, Wal-Mart Stores, Inc. (Wal-Mart). For the reasons which follow, we affirm.
Colgin filed suit against Wal-Mart, alleging that on August 17, 1992 she suffered personal injuries when she slipped and fell in the Wal-Mart Store located on Gause Boulevard in Slidell, Louisiana. She contends that “she slipped on a piece of dry dog food on the floor while she was attempting to put a 25 pound bag of dog food in her cart.” Wal-Mart answered the petition with a general denial of Colgin’s allegations and asserted that the sole cause of the accident was the negligence of Colgin in attempting to place the bag of dog food in her basket.
Trial was held on April 20, 1998. Two witnesses testified in support of Colgin’s case and the deposition of a Wal-Mart employee was introduced into evidence. Colgin testified on her own behalf. She stated that she slipped and fell kon dog food pellets as she was trying to place a 25 pound bag of dog food in her shopping cart. She stated that after the fall, she saw the pellets “all over” the floor and saw crushed ones too that she had crushed when she stepped on them. She testified that she did not know how the dog food got onto the floor. She stated that when she fell her elbow hit the shelves on her way down and the heels of her feet hit the basket or the aisle floor. The bag of dog food fell on top of her legs. She further testified that a store employee immediately came over and removed the bag of dog food from her legs and placed it into the basket. Colgin stated that she was embarrassed, so she quickly got up, rushed over a couple of aisles to get the potting soil and then checked out. She did not immediately report the accident but only went back into the store to report the accident at the urging of *455 her neighbor Marcelle Lews (Lewis) who was waiting in the car.
Lewis, testified that she drove Colgin to the Wal-Mart on the day of the accident. Lewis did not go inside with Colgin, rather, she waited in the van with the children for Colgin to return. Consequently, Lewis did not witness the accident. Her testimony was corroborative of Colgin’s, to the effect that she saw Colgin limping out of the store. She encouraged Colgin to go back into the store and report the accident.
Colgin sought to introduce the testimony of another witness that had not been named on the witness list. Upon objection by Wal-Mart, the court refused to allow the witness to testify. Colgin argued that the witness was a rebuttal witness and thus did not have to be placed on the witness list. The trial court ruled that since the defense was not putting on a case, Colgin could not use the rebuttal witness. The testimony was thereafter taken as a proffer.
Following the presentation of the plaintiffs case, Wal-Mart moved for an ^involuntary dismissal. The trial court took the motion under advisement, because some of the testimony was in the form of depositions that had been introduced into evidence. On April 29, 1998, the trial court signed a judgment with reasons granting Wal-Mart’s motion for an involuntary dismissal. The trial court reasoned that Colgin had failed to carry her burden of proof by a preponderance of the evidence. The trial court noted that Colgin had testified that she did not know how the dog food got on the floor and that the Wal-Mart employee, Ryan Williams, who’s testimony was presented by deposition, stated that he inspected the area just minutes before Colgin fell. It is from this judgment that Colgin appeals.
On appeal Colgin assigns three errors arguing that the trial court erred in granting the involuntary dismissal in favor of Wal-Mart upon finding that there was no testimony that Wal-Mart knew of or created the alleged condition.
In support of her argument Colgin relies on the deposition testimony of Ryan Williams, the Wal-Mart employee who was working on the aisle at the time of her fall. Colgin relies heavily on the sentence in the deposition where, upon being questioned as to whether dog food occasionally gets on the floor, he responded, “Oh yes. Plenty. All the time.” Based on. this response, Colgin argues that the trial judge erred in finding in her reasons for judgment that there was no testimony showing that Wal-Mart knew of or created the alleged condition.
Colgin further supports this argument by reference to photographs that were proffered, showing the dog food aisle at a later date with spilled dog food on the floor.
Wal-Mart argues in response that the trial court did not err in rendering the ^judgment of involuntary dismissal. In support of their argument, Wal-Mart contends that the evidence cited by Colgin does not meet her burden of proof. Wal-Mart argues that proof of what might have been the situation on other occasions does not establish the burden imposed on plaintiff in the proof of her case on the day she allegedly fell. Also relying on the Williams testimony, Wal-Mart points out that Williams said that he had inspected the area just 2 or 3 minutes before Colgin fell and that there was nothing on the floor. Moreover, Williams testified further that he inspected the area after the fall and that there was nothing on the floor then either. Photographs were taken by Wal-Mart of the area following the-fall and showing that there was nothing on the floor. Williams was specifically asked if he could have swept the floor before taking the pictures. He stated that he could have but that he had not. Williams was not employed by Wal-Mart at the time of the deposition.
La. R.S. 9:2800.6, which sets out the burden of proof in slip and fall cases, provides in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on *456 the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or ^constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
In White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, the Court held that under La. R.S. 9:2800.6, establishing the burden of proof for premises liability claims against merchants, it is the plaintiffs burden to prove, in addition to all other elements of his or her cause of action, each requirement enumerated by the statute. More particularly, on the element of constructive notice the Court stated:
Though there is no bright line time period, a claimant must show that “the condition existed for such a period of time ...” Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.
The trial court’s determination of whether a merchant had actual or ^constructive notice of condition creating unreasonable risk of harm to its customers is a factual finding which may not be set aside absent showing of manifest error. Diez v. Schwegmann Giant Supermarkets, Inc., 97 0034 (La.App. 1st Cir. 2/20/98), 709 So.2d 243.
Applying these precepts to the case at hand, Colgin had the burden of proving, among other things, that dog food was on the floor prior to the fall and that Wal-Mart had actual or constructive notice of the dog food on the floor for some period of time prior to the fall. The trial court ruled that Colgin did not meet her burden in this regard and we agree.
Colgin testified that she saw dog food in the aisle after her fall, including crushed particles that she had stepped on. Colgin also presented evidence that dog food pieces on the floor was and/or is a recurring problem at Wal-Mart on the dog food aisle because of the nature of the product.
However, Wal-Mart presented contrary testimony. In the deposition testimony of Williams, the store employee, he stated that he inspected the aisle just 2 or 3 minutes before Colgin fell and that there was no dog food on the floor in that aisle. Moreover, Williams further testified that there was no dog food in the aisle after the fall either. He took pictures of the floor following the fall and they showed no dog food in the aisle. He acknowledged that he could have swept the floor prior to taking the pictures but specifically stated that he did not. He was no longer employed by Wal-Mart at the time the deposition was taken.
*457 Therefore, we find that even if we were to consider all of the evidence which Colgin presented, there was no error in the trial court ruling granting Wal-Mart’s motion for an involuntary dismissal. While Colgin may have established a recurring problem on the dog food aisle at Wal-Mart generally, she did not kmeet her burden of proving by a preponderance of the evidence that the condition existed prior to her fall or that it existed for some period of time that would have established constructive notice of the condition by the merchant. With two conflicting statements of the facts, the trial court was required to make a credibility determination. The court made that determination against the plaintiff. We cannot say, based on the entire record, that the trial court was clearly wrong in doing so.
Accordingly, for the reasons stated above, we affirm the district court judgment granting the involuntary dismissal in favor of Wal-Mart and dismissing Colgin’s case. Costs of appeal are assessed against Colgin.
AFFIRMED.