# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 06-20707

INDIAN HARBOR INSURANCE CO.,

         Plaintiff–Appellant,

v.

VALLEY FORGE INSURANCE GROUP; LIBERTY MUTUAL INSURANCE CO.,

         Defendants–Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before JOLLY, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:

  Indian Harbor Insurance Company (Indian Harbor or appellant) sued Valley Forge Insurance Group (Valley Forge) and Liberty Mutual Insurance Group (Liberty Mutual) (collectively, appellees) to recover attorneys fees and settlement costs incurred in defending certain insureds in an underlying lawsuit brought by El Naggar Fine Art Furniture, Inc. (El Naggar). The district court granted summary judgment in favor of Valley Forge and Liberty Mutual. We affirm.

I

El Naggar hired Traxel Construction, Inc. (Traxel) as the general contractor for the construction of a building on El Naggar's property. Traxel hired American Steel Building Company (American Steel) to erect a prefabricated steel building at the site. American Steel hired Arrow Trucking to deliver the steel for the building to the job site. Separately, Traxel hired Coastal Paving, Inc. (Coastal) to construct the concrete slab for the building.

El Naggar sued Traxel, American Steel, Arrow Trucking, and Coastal, contending that the concrete slab was defective and caused significant damage to the building. El Naggar asserted that Arrow Trucking drove a truck onto the slab before the slab was properly cured, which caused it to crack. Further, El Naggar contended that American Steel instructed Arrow Trucking to prematurely drive onto the slab. El Naggar also asserted that Traxel did not properly supervise the project or the slab and that Coastal did not properly protect the slab.

Indian Harbor insured Coastal under a general liability policy. It provided Coastal a defense and paid for the settlement of El Naggar's claims against Coastal on behalf of Coastal. Indian Harbor also shared in the defense of Traxel, which Indian Harbor considered an additional insured under its policy covering Coastal. Valley Forge insured American Steel and Liberty Mutual insured Arrow Trucking—both under business automobile insurance policies. Under these policies, any party that is liable for the conduct of the named insured is also covered as an insured, but only to the extent of that liability.

Indian Harbor sued appellees (the other two insurance companies) to recover: (1) the attorneys fees and costs it paid to defend its insureds, Coastal and Traxel, in the underlying suit brought by El Naggar; and (2) the amount it paid to settle the suit against Coastal. Indian Harbor asserts that Traxel and Coastal qualified as insureds—and consequentially were owed a duty of

defense—under the policies issued by Valley Forge to American Steel and by Liberty Mutual to Arrow Trucking because El Naggar's complaint included facts sufficient to support a claim that Coastal and Traxel were vicariously liable for the conduct of American Steel and Arrow Trucking. Valley Forge and Liberty Mutual counterclaimed for a declaratory judgment that they owed Indian Harbor nothing.

Indian Harbor moved for partial summary judgment. Valley Forge and Liberty Mutual filed cross-motions for summary judgment. The district court referred the matter to a magistrate judge, who issued a recommendation. All parties filed responses. The district court adopted the magistrate's recommendation, denied Indian Harbor's motion, granted Valley Forge's and Liberty Mutual's motions, and entered final judgment in favor of Valley Forge and Liberty Mutual.

Indian Harbor appealed, arguing that the district court misapplied Texas's "eight corners" doctrine for interpreting insurance contracts in this context because, though the court properly considered El Naggar's complaint and the Valley Forge and Liberty Mutual policies, it also improperly considered and relied upon Indian Harbor's policy with Traxel to determine coverage under the Valley Forge and Liberty Mutual policies. Appellees argue that, despite the error by the district court, summary judgment is still warranted because under a proper application of the "eight corners" doctrine, neither Traxel nor Coastal are insureds under appellees' policies.

II

We review a district court's grant of summary judgment de novo, applying the same standard as the trial court.[1] Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the

---

[1] Wyatt v. Hunt Plywood Co., 297 F.3d 405, 408 (5th Cir. 2002).

record reflects that no genuine issue of any material fact exists, and the moving party is entitled to judgment as a matter of law.[2]  To survive a motion for summary judgment, the nonmovant must come forward with specific facts showing that there is a genuine issue of material fact.[3]

We apply Texas law in this diversity action.  Under Texas law, "[a]n insurer's duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy."[4]  This is known as the "eight corners" doctrine—the four corners of the policy plus the four corners of the pleading are considered together.[5]  To create a duty to defend, the underlying pleadings must "allege facts within the scope of coverage."[6]  Accordingly, the duty to defend is determined by the facts alleged, not the legal theories asserted.[7]  Further, courts must "resolve all doubts regarding the duty to defend in favor of the duty."[8]  "When an insurer has a duty to defend, even where 'a claim falls partially within and partially outside of a coverage period, the insurer's duty is to provide its insured with a complete defense.'"[9]

---

[2] Celotex Corp. v. Catrett, 477 U.S. 317, 322-28 (1986); see also FED. R. CIV. P. 56(c).

[3] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

[4] King v. Dallas Fire Ins. Co., 85 S.W.3d 185, 187 (Tex. 2002) (citing Nat'l Union Fire Ins. Co. v. Merch. Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997)).

[5] See id.

[6] Id. (internal quotations omitted).

[7] Maayeh v. Trinity Lloyds Ins. Co., 850 S.W.2d 193, 195 (Tex. App.—Dallas 1992, no writ).

[8] King, 85 S.W. 3d at 187.

[9] Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 559 (5th Cir. 2004) (quoting Tex. Prop. & Cas. Ins. Guar. Ass'n/Sw. Aggregates v. Sw. Aggregates, Inc., 982 S.W.2d 600, 606 (Tex. App.–Austin 1998, no pet.)).

A

On appeal, Indian Harbor argues that the district court misapplied the "eight corners" doctrine. We agree. Liberty Mutual also explicitly concedes this point in its brief.

Whether the Valley Forge and Liberty Mutual policies covered Traxel and Coastal hinges on the language in those policies, which identically define "insured" to include "[a]nyone liable for the conduct of an insured described above[,] but only to the extent of that liability." This definition creates insurance coverage for anyone who is vicariously liable for the conduct of American Steel or Arrow Trucking under their respective policies. Therefore, applying the "eight corners" doctrine, the district court should have determined whether the El Naggar complaint pled facts alleging that either Traxel or Coastal, or both, were vicariously liable for the conduct of American Steel or Arrow Trucking, such that Traxel or Coastal would qualify as "insured" under either policy.

The district court erred by only considering whether Coastal, but not Traxel, was alleged to have been held vicariously liable for the actions of American Steel or Arrow Trucking based on the facts pled in the El Naggar complaint. The district court only considered Coastal's liability because it viewed Traxel's liability as an "additional insured" as derivative of Coastal's potential liability. Under the "eight corners" doctrine, the district court should have considered the allegations against Traxel in El Naggar's underlying complaint and appellees' policies.

Appellees contend that summary judgment is still warranted under a proper "eight corners" analysis. Indian Harbor argues that appellees cannot defend the district court's judgment on that ground because appellees' arguments constitute a cross-appeal. Indian Harbor requests remand. However, because appellees are only seeking to preserve the judgment, and not to change

it, appellees' arguments are permissible.[10]  Accordingly, we consider appellees arguments for affirming the district court on alternative grounds.

B

The question is whether appellees had a duty to defend and insure Traxel or Coastal under the policies issued by appellees to American Steel and Arrow Trucking.  If they had a duty to defend and insure, then appellees must indemnify Indian Harbor for defending Traxel or Coastal against El Naggar's lawsuit and for settling the claims in that lawsuit.  To answer this question, we examine whether, under a proper application of the "eight corners" doctrine, the El Naggar complaint pled facts alleging that Traxel or Coastal was vicariously liable for the conduct of American Steel or Arrow Trucking so that Traxel and Costal qualified as insureds under appellees' policies.  Indian Harbor argues that El Naggar's complaint pled facts alleging vicarious liability based on an agency theory, and based on the theory that an independent contractor can be held vicariously liable if it exercises a sufficient degree of control.

Under Texas Law, "[a]gency is the consensual relationship between two parties when one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control."[11]  "To prove agency, evidence must establish that the principal has both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish that task."[12]  "It is the principal's extent of control over the details of

---

[10] See Nw. Airlines, Inc. v. County of Kent, 510 U.S. 355, 364 (1994) ("A prevailing party need not cross-petition to defend a judgment on any ground properly raised below, so long as that party seeks to preserve, and not to change, the judgment.").

[11] Happy Indus. Corp. v. Am. Specialties, Inc., 983 S.W.2d 844, 852 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.).

[12] Id.

accomplishing the assigned task that primarily distinguishes the status of independent contractor from that of agent."[13]

Indian Harbor argues that the facts pled in the El Naggar complaint allege sufficient control to create an agency relationship. We disagree. El Naggar alleged that Traxel was "to have supervised, scheduled, and organized all contractors and subcontractors" and was contractually obligated "to supervise the delivery of American/Vulcan's steel to the site" but failed to do so by "permitting heavy material to be brought upon an uncured concrete slab." The alleged conduct is typical of the activities and functions of a general contractor. It does not rise to the degree of control that would cause subcontractors or their subcontractors to be the agents of a general contractor for purposes of tort liability.

With respect to Coastal, the El Naggar complaint alleged that Coastal failed "to reasonably advise others of the curing period for the concrete slab" and failed "to take reasonable steps to protect the slab from use or intrusions during its curative period." However, these are allegations that Coastal was directly negligent, not allegations of an agency relationship.

Under Texas Law, an owner or general contractor can be held vicariously liable for physical harm caused by an independent contractor "if the employer controls the details or methods of the independent contractor's work to such an extent that the contractor cannot perform the work as it chooses."[14] This "control must relate to the activity that actually caused the injury."[15] In Koch Refining Co. v. Chapa, the Supreme Court of Texas explained that a right of control requires more than

---

[13] Id.

[14] Fifth Club, Inc. v. Ramirez, 196 S.W.3d 788, 792 (Tex. 2006).

[15] Coastal Marine Serv. of Tex., Inc. v. Lawrence, 988 S.W.2d 223, 226 (Tex. 1999).

a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.[16]

Indian Harbor contends that Traxel is vicariously liable for the acts or omissions of American Steel and Arrow Trucking under this line of cases. Since neither American Steel nor Arrow Trucking was a subcontractor of Coastal, Indian Harbor does not make this argument with respect to Coastal.

The allegations of the El Naggar complaint did not allege the requisite degree of control. None of the El Naggar allegations indicate that Traxel instructed American Steel as to the method it was to utilize in erecting the steel structure. Nor do any of El Naggar's allegations indicate that Traxel instructed Arrow Trucking with regard to any particular method to follow in delivering the steel. As with Indian Harbor's agency arguments, the El Naggar complaint does not allege a sufficient degree of control to invoke appellees' duty to defend. For the same reasons, there is no duty to indemnify Indian Harbor for the amounts it paid in settlement.

*   *   *

The judgment of the district court is AFFIRMED.

---

[16] 11 S.W.3d 153, 155 (Tex. 1999) (quoting RESTATEMENT (SECOND) OF TORTS § 414 cmt. c (1965)).