# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2013

No. 12-20292
Summary Calendar

Lyle W. Cayce
Clerk

BAC HOME LOANS SERVICING, L.P.,

Plaintiff - Appellee

v.

CHARLES P. COWIN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. 4:09-CV-2539

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Charles P. Cowin filed this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1) from the district court's grant of a preliminary injunction. The injunction prohibits him from selling, assigning, transferring, encumbering, or dissipating any interest he may have in real or personal property without leave of the court. Cowin argues that the district court erred in granting the injunction because plaintiff BAC Home Loans Servicing, L.P. ("BAC") lacks

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20292

standing and is not a creditor under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). We AFFIRM.

The underlying complaint charges Cowin and his co-defendants with a fraudulent scheme involving the purchase and sale of real property, resulting in the elimination of valid liens on mortgages serviced by BAC. BAC asserted a number of claims against the defendants in this suit, including Cowin. The preliminary injunction was granted pursuant to BAC's TUFTA claim against Cowin. *See* Tex. Bus. & Com. Code § 24.008(a)(3)(A). Accordingly, we do not address any other claims or defendants in this appeal.

Because Cowin has challenged BAC's standing to bring the TUFTA claim, we address that threshold question first. *See Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002). To bring suit, a plaintiff must have suffered an "injury in fact" as a result of the defendant's conduct that can be redressed by the court. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In its complaint, BAC asserted that it is the servicer for and agent of the holders of the mortgages underlying the three properties affected by Cowin's alleged fraudulent scheme. The extent of Cowin's standing argument is that the record is "devoid of any evidence that the underlying mortgages were, in fact, transferred and assigned to their respective trusts," and, that without such evidence, BAC cannot have suffered injury.

The burden of establishing standing varies at progressive stages of litigation. *See id.* at 561. At the pleading stage, a plaintiff may rest on the allegations in his claim to establish standing, while at the summary judgment stage, standing must be established by specific facts set forth by affidavit or other evidence. *Id.* A preliminary injunction proceeding is based on less formal procedures and less complete evidence than a trial on the merits. *See University of Texas v. Comenisch*, 451 U.S. 390, 395 (1981). A district court at this stage can accept and rely on evidence in the form of deposition transcripts and

affidavits. *See Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558–59 (5th Cir. 1987).

The record on appeal contains substantial documentary evidence and affidavit testimony demonstrating that the mortgages at issue were assigned to their respective trusts, and that the Pooling Servicer Agreements ("PSA") gave BAC the authority to service the mortgages by collecting payments and distributing that money to the trusts. The alleged fraudulent scheme deprived the trusts of superior-lien status, thus injuring BAC's ability to service the mortgages and the ability of the trusts, for which it is the agent, to collect on their debt. Cowin points to no evidence controverting this showing of injury. Accordingly, BAC has standing to pursue its TUFTA claim against Cowin.[1]

Because district courts have wide latitude to make preliminary injunction rulings, we may reverse only on a showing of abuse of discretion. *City of Meridian v. Algernon Blair, Inc.*, 721 F.2d 525, 527 (5th Cir. 1983). To obtain a preliminary injunction, a movant must show: 1) a substantial likelihood of success on the merits; 2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; 3) that the threatened injury outweighs any damage that the injunction might cause the defendants; and 4) that the injunction will not disserve the public interest. *See, e.g., Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). We must uphold the district court's findings of fact unless clearly erroneous. *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). The court's conclusions of law are reviewed de novo. *Concerned Women for Am., Inc. v. Lafayette Cnty.*, 883 F.2d 32, 34 (5th Cir. 1989).

---

[1] Cowin's one-paragraph argument on this issue arguably should result in forfeiture for failure to adequately brief. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nonetheless, we address the issue given its jurisdictional cast, and the district court's subsequent standing rulings after this appeal was filed.

Cowin narrowly attacks the preliminary injunction.  He argues only that BAC cannot show a substantial likelihood of success on the merits because it is not a "creditor," a prerequisite to recovery under TUFTA.  *See* Tex. Bus. & Com. Code § 24.005(a)(1).  To assess the likelihood-of-success prong, we look to the "standards provided by the substantive law."  *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990).  Under TUFTA, a "creditor" is a party "who has a claim."  Tex. Bus. & Com. Code § 22.002(4).  A "claim" is as "a right to payment or property, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  *Id.* § 24.002(3).

Cowin argues that BAC was required to record its interest in the properties with the county per the Texas Property Code.  *See* § 11.001.  He appears to construe the PSA between BAC and the note holders as a transfer of the interest in the property, thus requiring a record of the assignment.  This argument mischaracterizes the nature of BAC's interest in the properties.  There is no authority requiring mortgage servicers to publicly record their servicing interest separate from the note holder's original record of the lien.

The district court concluded that BAC is a "creditor" under TUFTA because, as agent for the holders of the notes and deeds of trust at issue, it had a right to payment for the property, or a right to reclaim the property itself if payment was not made.  *See CWCapital Asset Mgmt., LLC v. Chi. Props., LLC*, 610 F.3d 497, 501 (7th Cir. 2010); *EFC N. Ridge Assocs., L.P. v. ORIX Cap. Mkts., L.L.C.*, 336 S.W.3d 400, 407 (Tex. App.—Dallas 2001, pet. denied) (citing *CWCapital*).  Texas law holds that "[a]gency is the consensual relationship between two parties when one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control."  *Indian Harbor Ins. Co. v. Valley Forge Ins. Grp.*, 535 F.3d 359, 364 (5th Cir. 2008) (internal quotation marks omitted).

No. 12-20292

The PSAs between BAC and the holders of the notes and deeds of trust authorize and empower BAC to seek to maximize the recovery of principal and interest on the notes, and give BAC powers to act to that end, with limitations. Based on this showing, BAC fits the definition of a TUFTA "creditor." As an agent for the creditors who hold the notes and deeds of trust on the relevant properties, it has a "claim" in that it is entitled to payments on the properties. Cowin's sole argument against the preliminary injunction therefore fails. The district court did not abuse its discretion in granting the preliminary injunction.

AFFIRMED.