850 So.2d 895 (2003)
Valerie ALLEN, Plaintiff-Appellant,
v.
WAL-MART STORES, INC., Defendant-Appellee.
No. 37,352-CA.
Court of Appeal of Louisiana, Second Circuit.
June 25, 2003.
Norman R. Gordon & Associates by Richard S. Feinberg, Shreveport, for Appellant.
*896 Barham & Warner, L.L.C. by Lucien H. Marioneaux, Jr., Shreveport, for Appellee.
Before STEWART, GASKINS and DREW, JJ.
GASKINS, J.
A Wal-Mart store patron, who slipped and fell on a pink liquid substance, appeals the judgment of the trial court granting the defendant's motion for summary judgment. After reviewing the law and evidence, we affirm.

FACTS
On May 18, 2001, Valerie Allen entered the Wal-Mart store located at 6235 Westport Avenue in Shreveport, Louisiana. While walking down an aisle, Ms. Allen slipped and fell. Ms. Allen did not notice any substance on the aisle floor prior to falling. As a result of her fall, Ms. Allen allegedly suffered multiple injuries to her head, face, neck, back, arms, shoulders, knees, legs, hips, abdomen, chest, fingers, hands, feet and toes.
Ms. Allen filed suit against Wal-Mart Stores, Inc., on April 11, 2002, for the damages sustained as a result of Wal-Mart's alleged negligence in failing to take the necessary steps to prevent the accident from occurring. In its answer, Wal-Mart asserted that the plaintiff was solely at fault for her fall.
On July 11, 2002, Wal-Mart filed a motion for summary judgment asserting that the plaintiff would be unable to present evidence sufficient to prove the essential elements of her claim as set forth in La. R.S. 9:2800.6. In opposition to the motion for summary judgment, Ms. Allen filed an affidavit stating that the "Kool Aid" she slipped on was spread six to seven feet down the aisle, suggesting that it had been on the floor for some time. She also submitted her deposition testimony in which she denied having seen the pink substance before she slipped and fell. Her deposition provides no other evidence as to the source or state of the spill.[1]
After hearing oral argument on the motion on September 27, 2002, the trial court granted the motion for summary judgment and signed a judgment to that effect on October 21, 2002. Ms. Allen appeals.

LAW
Appellate courts review summary judgments de novo. Independent Fire Insurance Company v. Sunbeam Corporation, 99-2181, 99-2257 (La.2/29/00), 755 So.2d 226. Summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. La. C.C.P. art. 966.
The mover has the burden of establishing the absence of a genuine issue of material fact. However, if the movant will not bear the burden of proof at trial on the matter before the court, the movant's burden on the motion does not require it to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, there is no genuine issue of material fact. The party opposing summary *897 judgment cannot rest on the mere allegations of its pleadings, but must show that it has evidence which could satisfy its evidentiary burden at trial. Row v. Pierremont Plaza, L.L.C., 35,796 (La.App.2d Cir.4/3/02), 814 So.2d 124, writ denied, XXXX-XXXX (La.8/30/02), 823 So.2d 952.
Because Ms. Allen would have borne the burden of proof at trial, the determination of whether summary judgment was properly granted, dismissing her claims, turns on whether she failed to establish a prima facie case of premises liability under La. R.S. 9:2800.6. That statute provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695. [Emphasis added.]
The plaintiff has the burden of proving all three elements set forth in La. R.S. 9:2800.6(B)(1) through (3). White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081. The motion for summary judgment and memorandum in support filed by Wal-Mart Stores clearly question Ms. Allen's ability to establish the second element regarding actual or constructive notice of the unreasonably safe condition which allegedly caused her fall. The record is devoid of any evidence of actual notice and Ms. Allen does not argue that Wal-Mart had actual notice. Consequently, the propriety of the summary judgment hinges on whether Wal-Mart can be held to have had constructive notice of the condition prior to the accident.

*898 DISCUSSION
Ms. Allen argues that the evidence was sufficient for a reasonable person to conclude that Wal-Mart had constructive notice of the spill on the floor which caused her to slip and fall. Specifically, she argues that, since the spill as she observed it after her fall extended for approximately six to seven feet, it was more probable than not that the spill had existed for some time prior to the accident and that this evidence was sufficient to establish constructive notice as mandated by the statute. We disagree.
To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant would have discovered it by the exercise of ordinary care. White, 699 So.2d at 1086. La. R.S. 9:2800.6 does not allow for the inference of constructive notice absent some showing of this temporal element. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. White, 699 So.2d at 1084. To avoid a summary judgment motion, mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6. Robinson v. Brookshires # 26, 33,713 (La.App.2d Cir.8/25/00), 769 So.2d 639.
In the present case, the plaintiff did not present any evidence that anyone noticed the presence of the liquid on the floor at any time prior to the accident. Furthermore, the plaintiff presented no evidence personally or from third party witnesses as to the condition of the liquid after the fact that would suggest it had been there for some period of timei.e., that areas of the spill had dried, that there were shopping cart tracks or footprints in the liquid or that the liquid was dirty, evidencing earlier traffic, etc. At best, the plaintiff's evidence merely established that sufficient liquid had spilled so as to make a large spill.
The suggestion that the size of the spill allows one to infer that a sufficient amount of time elapsed for the liquid to have traveled a distance of six feet to seven feet assumes that the evidence established the method and origin of the spill. If the spill occurred when the foreign substance was horizontally ejected out of a container, it might not have taken any length of time to be spread across six to seven feet of floor. If, on the other hand, it slowly spilled on one spot of the floor and spread in one direction on a level or nearly level surface for six to seven feet, the passage of some time could be inferred.
In support of her claim that she met the burden of proof on the temporal element, the plaintiff compares the facts in this case to those of Broussard v. Wal-Mart Stores, Inc., 1998-813 (La.App. 3d Cir.1/20/99), 741 So.2d 65, writ denied, XXXX-XXXX (La.4/1/99), 742 So.2d 562. However, we are not persuaded by this comparison. The court in Broussard, supra, found the plaintiff had established constructive notice on behalf of Wal-Mart. In so concluding, the trial court considered the totality of the circumstances which included pictures taken by a Wal-Mart employee showing that the spill was elongated, not uniform, and covered approximately three to four tiles, suggesting that it had spread over a period of time. The origin of the spill was identified as a bottle of Lemon Joy on the shelf above the spill which was partially empty. The accident occurred on the third busiest day of the week in one of *899 the busiest departments of the store. This department had more than its share of slip and fall accidents. Evidence showed that no one was working in the household chemicals department when the accident occurred, thus making Wal-Mart's "zone defense policy" ineffective.
We are not faced with any similar set of facts here. The plaintiff in the present case asks for an inference to be drawn as to the presence of the spill for some time before the fall solely from the size of the area covered by the spill. Without some other evidence as to the origin or state of the spill, the inference she is asking the court to draw is merely one possibility which is no more likely than any other potential scenario. Furthermore, in response to the trial court's inquiry, Ms. Allen's counsel indicated that there was no discovery which he could perform which would help him further develop the case for establishing that the spill had been there for some period of time. That being the case, we find the limited information regarding the size of the spill, even when accepted as true, is insufficient to meet Ms. Allen's burden.

CONCLUSION
For the reasons set forth above, the summary judgment granted by the trial court in favor of Wal-Mart Stores, Inc. is affirmed. Costs of this appeal are assessed against Valerie Allen.
AFFIRMED.
NOTES
[1] Excerpts of the plaintiff's deposition were attached to her opposition to the motion for summary judgment; Wal-Mart offered the entire deposition at the hearing on the motion.