# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 14, 2012

No. 11-30742
Summary Calendar

Lyle W. Cayce
Clerk

LISA TAYLOR,

Plaintiff - Appellant

v.

WAL-MART STORES, INCORPORATED; MONIQUE WILLIAMS,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-1503

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant, Lisa Taylor, appeals the district court's grant of summary judgment in favor of Appellees, Wal-Mart Stores, Inc. and Monique Williams, in a Louisiana delictual action for failure to maintain a safe premises. The district court found that Taylor failed to provide sufficient evidence  to prove constructive notice, which is an essential element of her claim. Because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30742

district court correctly concluded that Taylor did not present sufficient evidence to establish constructive notice, we **AFFIRM**.

## I. BACKGROUND

Lisa Taylor was shopping at a Wal-Mart in New Orleans, Lousiana. When she was putting her purchases into a shopping cart, she slipped on a wet substance on the store's floor near the check-out stations and sustained a number of injuries. As a result, she filed suit in district court seeking damages for her injuries, lost wages and lost earning capacity. The parties filed cross-motions for summary judgment and the district court found Wal-Mart was entitled to judgment as a matter of law because Taylor failed to prove an essential element of her claim.

Plaintiff alleges that the surveillance video she presented established a genuine issue of material fact. The tape captures roughly an hour of footage leading up to the incident. It shows a continuous flow of shoppers and buggies going through Wal-Mart's check-out stations. About thirteen minutes prior to the incident, a customer shuffles her feet in the area where Taylor fell. However, a number of buggies and customers subsequently pass through the area where the incident occurred without any sign of trouble. Moreover, the wet substance is not visible at any time.

## II. STANDARD OF REVIEW

This court reviews a district court's decision to grant summary judgment *de novo. See Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56.

No. 11-30742

## III. DISCUSSION

Among other things, Louisiana law requires a plaintiff claiming a slip-and-fall injury to demonstrate that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." LA. REV. STAT. ANN. § 9:2800.6(B)(2). Constructive notice is further defined as "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." LA. REV. STAT. ANN. § 9:2800.6(C)(1). Failure to prove this or any element of the claim is fatal to the plaintiff's case. *See White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1086 (La. 1997).

After reviewing the evidence, this court agrees with the district court's determination that Taylor failed to establish notice, an essential element of her claim. Though Taylor alleges that the surveillance video proves that the hazard existed at least thirteen minutes prior to the incident, the district court noted:

> The video merely shows the passage of time and lacks any visual evidence of a wet substance on the floor. The video does not show someone or something creating the wet substance; it does not show others slipping or avoiding the area; it shows no one making a failed attempt to clean or secure the area. To conclude what the plaintiff asks would require this court to draw a series of impermissible inferences unsupported by this summary judgment record.

"Mere speculation or suggestion is not sufficient to meet this burden, and courts will not infer constructive notice for purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario." *Bagley*, 492 F.3d at 330. Given the ambiguous nature of the video, Taylor failed to establish a material fact issue concerning this necessary element of her claim. *See id.* at 331 (requiring some proof of the "the origin or nature of the liquid to imply a necessary passage of time"); *Demouy v. Sam's Wholesale, Inc.*, No. 2010

3

No. 11-30742

CA 2295, 2011 WL 2981117, at *2 (La. App. 1st Cir. June 10, 2011) (affirming the district court's grant of summary judgment when a surveillance video did not reveal the hazard). For these reasons, the judgment is **AFFIRMED.**