# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 5, 2013

No. 13-30080
Summary Calendar

Lyle W. Cayce
Clerk

BELINDA BEARB; DAVID BEARB,

Plaintiffs - Appellants

v.

WAL-MART LOUISIANA, LIMITED LIABILITY CORPORATION,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-351

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Belinda and David Bearb appeal the summary judgment dismissing their merchant-liability claim, and derivative claims, against Wal-Mart Louisiana. Their claims arise out of Belinda Bearb's injuries sustained by slipping and falling on a wet substance, believed to be water, in Wal-Mart's Marksville, Louisiana, store. They contend the district court erred because there are genuine disputes of material fact with regard to whether Wal-Mart created, or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30080

had actual or constructive notice of, the wet condition that caused Bearb's fall. AFFIRMED.

Summary judgment is reviewed *de novo*, and we apply the same standard as the district court, viewing the evidence in the light most favorable to the non-movant. *E.g.*, *First Am. Title Ins. Co. v. Continental Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

To survive summary judgment, the Bearbs must show a genuine dispute as to whether Wal-Mart could be found liable under the Louisiana merchant-liability statute, LA. REV. STAT. § 9:2800.6. The statute requires them to prove: the floor's wet condition created an unreasonable risk of reasonably foreseeable harm to Belinda Bearb; Wal-Mart created, or had actual or constructive notice of, the condition's existence prior to her injury; and, Wal-Mart failed to exercise reasonable care. *Id.* § 2800.6(B). They fail to show a genuine dispute of material fact for at least the second element.

The Bearbs do not contend Wal-Mart had actual notice of the wet condition of the floor before Belinda Bearb's fall. Therefore, they must show a genuine dispute of material fact for whether Wal-Mart created or had constructive notice of the wet condition. Constructive notice includes a temporal element; *i.e.*, if plaintiff fails to show the hazardous condition existed "for some time period prior to the fall," then she fails to meet her statutory burden. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084-85 (La. 1997).

As the district court correctly noted, the Bearbs offer only speculation and their own unsubstantiated statements to support their claims that: Wal-Mart created the condition because it resulted from either a leaking skylight or wet shopping carts; and Wal-Mart had constructive notice of the condition because there was a large quantity of water in a high-traffic area of the store. In the

No. 13-30080

absence of any *facts* in the record to support their claims, it is clear the Bearbs are unable to create a genuine dispute of *material* fact to survive summary judgment. *See* FED. R. CIV. P. 56(a); *Indian Harbor Ins. Co. v. Valley Forge Ins. Grp.*, 535 F.3d 359, 362-63 (5th Cir. 2008) ("To survive a motion for summary judgment, the nonmovant must come forward with specific facts showing that there is a genuine issue of material fact.").

The Bearbs must show a genuine dispute of material fact for all three statutory elements in order to survive summary judgment, and they fail to do so for the second element.  Therefore, we need not address whether the floor's condition created an unreasonable risk, or whether Wal-Mart failed to exercise reasonable care.

AFFIRMED.