# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2014

Lyle W. Cayce
Clerk

No. 13-30746
Summary Calendar

BRENDA ADAMS,

Plaintiff – Appellant

v.

DOLGENCORP, L.L.C.,

Defendant – Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
U.S.D.C. No. 3:11-CV-784

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Brenda Adams appeals the district court's grant of summary judgment to Dolgencorp, L.L.C. ("Dollar General") for injuries she suffered after slipping on spilled lotion and falling in a Dollar General store. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2011, Brenda Adams visited a Dollar General store in Baton Rouge, Louisiana to purchase various items. The store opened at

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30746

approximately 8:00 a.m. and Adams arrived between 9:00 and 9:30 a.m. Adams alleges after turning a corner from one aisle to another, she slipped on a fluid substance later determined to be lotion.  She claims the resulting fall caused injuries to her wrists, shoulders, and knees.

She originally brought this suit in Louisiana state court.  Dollar General removed the case to the United States District Court for the Middle District of Louisiana pursuant to the court's diversity jurisdiction.  Throughout the course of the litigation, the parties disputed the relevance and availability of the security camera footage taken the day Adams was injured in the store. Pursuant to company policy, once a person has been injured in the store, Dollar General copies and preserves security camera footage from thirty seconds before the injured person entered the store and ending thirty seconds after that person left.  Adams rests some of her argument on the preserved and existing footage, but she also has arguments related to unavailable footage. The district court granted summary judgment to Dollar General.  In addition, the district court three times denied Adams leave to amend her complaint to add claims of spoliation of evidence against individual employees and later against Dollar General for not maintaining all of the security camera footage Adams wished to review.  Adams appeals.

## DISCUSSION

We review a district court's grant of summary judgment *de novo*. Summary judgment is proper "if the movant shows there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists only if "a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A district court's decision to deny a motion for leave to amend is reviewed for an abuse of discretion.  *S&W Enter., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).

No. 13-30746

*A. Negligence*

To prevail in a negligence claim under Louisiana law against Dollar General, Adams must prove:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care.

LA. REV. STAT. § 9:2800.6(B).

> "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

*Id.* § 9:2800.6(C)(1).

The Louisiana Supreme Court has interpreted this statute to mean that the plaintiff has the burden of showing the dangerous condition existed for some discrete period of time; it is not enough simply to show that the condition existed before the plaintiff's injury. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997).

The summary judgment evidence consisted primarily of the testimony of Yolanda Hunter, a Dollar General employee who was working in the immediate vicinity of Adams' fall, and the security camera footage partially showing the area near where Adams slipped and fell. The footage does not show the portion of the floor where the lotion spilled, nor does it actually show the spilled lotion. Hunter stated that she inspected all of the aisles and opened the store before 8:00 a.m., at which time there was no lotion on the floor.

Further, she stated she was working very near the area where Adams fell and that she was not aware of the spilled lotion until she and another employee helped Adams to her feet.

Adams argues that the presence of Hunter and other Dollar General employees in the immediate vicinity of the spilled lotion is enough to create a genuine issue of material fact as to whether Dollar General had actual or constructive notice and as to whether those employees were exercising the reasonable care required under Section 9:2800.6(C)(1). She further argues that the security camera footage showing Adams walking to the aisle where she was injured indicates the lotion must have been on the floor for long enough to be discovered.

Dollar General argues this is not enough to show actual or constructive notice, because the "presence of an employee . . . in the vicinity in which the condition exists" is not enough to support a finding of constructive notice, "unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *See* LA. REV. STAT. § 9:2800.6(C)(1). Dollar General further argues that the security camera footage does not actually show the area of the floor where the lotion was spilled, but that even if it did, footage merely showing the presence of the condition is not enough to show it was there long enough to be discovered. We agree.

Adams' argument that the employees' presence in the immediate vicinity of the spilled lotion gives rise to an inference of constructive notice fails under the plain language of Section 9:2800.6(C)(1). She further failed to present any evidence of how or why the lotion was spilled, much less any showing that Hunter or any other Dollar General employee were exercising less than reasonable care in not discovering it. *See id.* With respect to Adams' argument that the available security camera footage should give rise to an inference that the lotion was on the floor long enough to be discovered, we find one of our

unpublished opinions instructive. *See Taylor v. Wal-Mart Stores*, 464 F. App'x 337 (5th Cir. 2012). In *Taylor*, security camera footage showing a particular area of a store, which captured a time period of one hour prior to the plaintiff's fall, revealed that one person had shuffled past the allegedly wet portion of the floor. *Id.* at 338-39. We noted that the footage did not clearly show any liquid on the floor, but that it did show numerous other individuals passing through the area without incident. *Id.* "Mere speculation or suggestion is not sufficient to meet this burden, and courts will not infer constructive notice for purposes of summary judgment where the plaintiff's allegations are no more likely than any other potential scenario." *Id.* at 339 (quoting *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007)). We accept that analysis and find it to be applicable here.

Here, where the footage does not show the substance nor the area of the floor on which the substance was spilled, we conclude the temporal inference Adams seeks to draw from the footage would be inappropriate. *See id.* Adams has failed to produce evidence showing Dollar General had actual or constructive notice of the spilled lotion or any evidence showing when or how the lotion was spilled. We conclude the district court did not err by granting summary judgment to Dollar General on Adams' negligence claim.

## B. *Denial of Leave to Amend*

Adams filed three separate motions for leave to amend her complaint. The first two were attempts to add a spoliation of evidence claim against individual employees as defendants. The third sought to add the claim of spoliation of evidence against Dollar General due to the security camera footage preservation policy and because it no longer had custody of the lotion bottle. Adams argues that Dollar General's footage retention policy resulted in the deletion of video that would have shown when and how the lotion was spilled. If she had the now-deleted footage, Adams argues, she could bear her

burden of showing enough passage of time to support her claim of constructive notice.

The first motion was denied without prejudice for failure to allege all the elements of spoliation against individual defendants, but not Dollar General. The second was denied with prejudice for substantially the same reasons – but against different individual defendants – and the additional reason that higher scrutiny is applied to amendments that would destroy complete diversity due to the Louisiana residency of the added individual defendants. The third sought to bring the spoliation of evidence against Dollar General and was denied because it was filed ten months after the deadline for amended pleadings in the scheduling order and the district court concluded it failed to meet the "good cause" standard for altering scheduling orders. *See* FED. R. CIV. P. 16.

In Louisiana, the "tort of spoliation of evidence provides a cause of action for an intentional destruction of evidence carried out for the purpose of depriving an opposing party of its use." *Burge v. St. Tammany Parish*, 336 F.3d 363, 374 (5th Cir. 2003). In her first two amended complaints, Adams alleges only that various individual defendants permitted important evidence to be destroyed. Neither of Adams' first two amended complaints allege facts showing any individual defendant intentionally destroyed the footage "for the purpose of depriving [Adams] of its use." *See id.* We conclude the district court did not abuse its discretion by denying Adams' first two motions for leave to amend her complaint, since both proposed amendments fail to properly state a claim for spoliation.

Adams filed her third amended complaint on February 15, 2013 – nearly ten months after the scheduling order's April 25, 2012 deadline for amended pleadings. Adams then alleged spoliation and impairment of a civil claim against Dollar General, after having not included it in her previous two

amended pleadings. The district court denied this motion because Adams could not show "good cause" for her failure to assert these claims within the deadlines set by the scheduling order. *See* FED. R. CIV. P. 16. The district court applied the four-factor test we used in *Reliance Ins. Co. v. La. Land & Exp. Co.*. *See* 110 F.3d 253, 257 (5th Cir. 1997). The four factors are: "(1) the explanation for the failure to [add two claims against Dollar General]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* The district court applied these factors, concluding only the second factor weighed in Adams' favor. The district court determined Adams was aware of what footage was available and what footage was not well before the deadline; the defendant would be prejudiced by having to undertake yet more discovery; and a continuance would unnecessarily delay the resolution of the litigation. The district court did not abuse its discretion by denying Adams' third motion based on these conclusions.

AFFIRMED.