# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30930

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2018

Lyle W. Cayce
Clerk

QUANDRALA PETERSON,

      Plaintiff - Appellant

v.

BROOKSHIRE GROCERY COMPANY; TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CV-1646

Before ELROD, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Quandrala Peterson slipped and fell while grocery shopping at Super One Foods, which is owned and operated by Brookshire Grocery Company (Brookshire). Peterson filed suit in state court against Brookshire and its insurer, The Travelers Indemnity Company of Connecticut (collectively, Defendants), alleging that she slipped on a "clear puddle of liquid" on the floor, a hazard that she claims resulted from Brookshire's negligence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30930

After removing the case to federal district court, Defendants filed a motion for summary judgment. The district court granted summary judgment in favor of Defendants and dismissed Peterson's suit with prejudice. Peterson appealed. We AFFIRM the judgment of the district court.

I.

This case arises from a slip and fall Peterson sustained in November 2015 while shopping at Super One Foods, a grocery store owned and operated by Brookshire Grocery Company. Following an announcement regarding the store's impending closing time, Peterson was "lightly trotting" back to her shopping cart when she allegedly slipped and fell on a "clear substance" on the floor in the dairy/beer section, causing an injury to her right knee. The assistant store manager on duty, George Neill, reported to the scene of Peterson's fall and saw the clear substance on the floor, which he photographed and documented in the accident report.

Peterson filed a negligence suit in state court against Brookshire and its insurer, alleging a claim pursuant to La. Rev. Stat. Ann. § 9:2800.6, the Louisiana Merchant Liability Act (LMLA). Defendants removed the diversity action to federal court and filed a motion for summary judgment, seeking dismissal of Peterson's claims. In their motion for summary judgment, Defendants averred that Peterson's failure to prove the element of constructive notice as required by the LMLA was fatal to her merchant liability claim. Specifically, Defendants asserted that there was a "complete lack of evidence" that Brookshire had constructive notice of the liquid substance on the floor prior to Peterson's fall, arguing that Peterson's "speculation, supposition, theory, and inference" are insufficient to avoid summary judgment.

Upon consideration of the depositions of Peterson and Super One Foods' assistant store manager, George Neill, as well as the store's video surveillance, the district court granted summary judgment in favor of Defendants,

No. 17-30930

dismissing Peterson's claims with prejudice. Specifically, the district court concluded that Peterson failed to raise a genuine issue of material fact that Brookshire had constructive notice of the liquid. Finding Peterson's argument "speculative," the district court held that Peterson failed to offer positive evidence sufficient to satisfy the temporal element of constructive notice as required for her LMLA claim: "Peterson has failed to offer positive evidence that the liquid existed prior to her fall and for some period of time prior to her fall to establish 'constructive notice' in order to meet her burden on [the] Motion for Summary Judgment."

Peterson timely appealed. On appeal, Peterson argues that the district court erroneously concluded that there were no genuine issues of material fact regarding Brookshire's constructive notice of the liquid on the floor. Rather, Peterson claims that there was sufficient circumstantial evidence showing that Brookshire had constructive notice and argues that the district court improperly weighed evidence and failed to make all reasonable inferences in her favor when rendering its decision.

II.

We review a district court's grant of summary judgment de novo. *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of the judge at the summary judgment stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine dispute of material fact exists when, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. In reviewing summary judgment, we construe "all facts and inferences in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d

No. 17-30930

564, 571 (5th Cir. 2012) (citation omitted). However, a party cannot defeat summary judgment with "conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.* (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)). Instead, the nonmovant must go beyond the pleadings and designate specific facts that prove that a genuine issue of material fact exists. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

III.

Merchant liability for slip and fall cases is governed by La. Rev. Stat. Ann. § 9:2800.6, referred to as the Louisiana Merchant Liability Act (LMLA),[1] which provides:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

---

[1] It is undisputed that the instant case is based on diversity jurisdiction and governed by Louisiana law.

La. Rev. Stat. Ann. § 9:2800.6(B). Because the plaintiff has the burden of proving all three elements under the LMLA, "the failure to prove any is fatal to the claimant's cause of action." *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1086 (La. 1997).

The issue on appeal is whether Peterson has shown a genuine dispute of material fact as to the second element—specifically, whether Brookshire had constructive notice of the injury-causing condition prior to her fall. A merchant is considered to have "constructive notice" if the claimant proves "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." § 9:2800.6(C)(1). A claimant cannot solely rely on the "presence of an employee of the merchant in the vicinity in which the condition exists" to prove constructive notice, "unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.*

Based on the language of the statute ("for such a period of time"), constructive notice necessarily includes a temporal element. *White*, 699 So. 2d at 1084. Simply demonstrating the existence of the hazard is insufficient. *Id.* Though there is no bright line time period required to prove the mandatory temporal element of constructive notice under the LMLA, a plaintiff must "make a positive showing of the existence of the condition" for "some time period prior to the fall." *Id.* at 1084–85 (interpreting La. Rev. Stat. § 9:2800.6); *see also Duncan v. Wal-Mart La., L.L.C.*, 863 F.3d 406, 409–10 (5th Cir. 2017). "Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period." *White*, 699 So. 2d at 1084. "The statute does not allow for the inference of constructive notice absent some showing of this temporal element." *Id.* Further, shifting the burden to the

defendant to disprove the existence of the condition is impermissible under the statute. *Id.* at 1085–86.

The LMLA "places a heavy burden of proof on plaintiffs." *Bagley*, 492 F.3d at 330 (quoting *Jones v. Brookshire Grocery Co.*, 847 So. 2d 43, 48 (La. App. 2 Cir. 2003)); *see also White*, 699 So. 2d at 1086 ("[D]efendant [merchant] need not come forward with positive evidence of the absence of the spill. . . . Because it is the claimant's burden to prove its existence for some period of time, the absence of evidence can not support the claimant's cause of action."). It is insufficient for a plaintiff to rely on "[m]ere speculation or suggestion." *Bagley,* 492 F.3d at 330 (quoting *Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898–99 (La. App. 2 Cir. 2003)). "[C]ourts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are 'no more likely than any other potential scenario.'" *Id.*

To survive summary judgment, Peterson must present evidence to show a genuine dispute of material fact as to whether Brookshire had constructive notice of the alleged damage-causing condition.[2] We agree with the district court that Peterson did not meet her heavy statutory burden. Peterson failed to offer positive evidence that the liquid existed *for some period of time prior to her fall*, and thus cannot satisfy her burden of establishing the existence of material fact with regard to the contested element of constructive notice. *White*, 699 So. 2d at 1084 ("A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute."); *see also Leger v. Wal-Mart La., LLC*, 343 F. App'x 953, 955 (5th Cir. 2009); *Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188,

---

[2] Peterson does not contend that Brookshire created or had actual notice of the hazardous condition.

No. 17-30930

1191 (La. 1999); *Luft v. Winn-Dixie Montgomery, LLC*, 228 So. 3d 1269 (La. App. 5 Cir. 2017).

Peterson testified that she did not see the substance on the floor before her fall, despite walking near the area on two prior occasions; she admits she does not know what the substance was, its source, or how long the substance was on the floor. Peterson further testified—and the photograph taken by Neill confirms—that the substance was clear and had no distinctive marks, such as grocery cart tracks, footprints, or dirt or debris, or any other unique characteristics that would suggest that the liquid had existed for some period of time prior to her fall. *See Luft*, 228 So. 3d at 1274 (citing *Allen*, 850 So. 2d at 898). Further, Plaintiff failed to offer testimony of any witness stating that the substance was on the floor prior to Peterson's fall, and admitted that she did not know of anyone that claimed to have such knowledge.

It is undisputed that Brookshire's assistant manager, Neill, was in close proximity to the area approximately 22 minutes prior to Peterson's fall. However, an employee's mere proximity to a hazard, without temporal evidence of how long the substance has been present, is not enough to establish a merchant's constructive knowledge. La. Rev. Stat. Ann. § 9:2800.6(C)(1); *see, e.g.*, *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So. 2d 37, 40 (La. 2000). There is no evidence that the allegedly hazardous condition existed at the time Neill walked through the aisle, or that Brookshire, in the exercise of reasonable care, should have noticed the substance on the floor.

In his deposition, Neill explained that Brookshire's employees are trained to continuously survey the store floor for spills and to immediately take action when they discover liquid on the floor. Neill testified that despite his training and being "within feet" of the location of the accident prior to Peterson's fall, he did not see or have knowledge of the clear substance on the floor prior to Peterson's fall, nor could he explain the source of the unknown

7

liquid. Neill also stated that he did not know of anyone that claimed to have knowledge that the substance was on the floor prior to Peterson's fall. Moreover, the video does not suggest that Neill, or any other store employee or customer, saw the spill or otherwise should have seen it. A claim to the contrary amounts to little more than speculation. *See White*, 699 So. 2d at 1085 ("The disbelief of positive evidence is not evidence of the contrary. Rather, even if entirely discredited, it is merely a complete lack of any evidence."); *see also Evans v. Winn-Dixie Montgomery, LLC*, 177 So. 3d 386, 392 (La. App. 5 Cir. 2015).

Peterson has offered no evidence regarding how long the substance existed prior to her slip and fall. Instead, she speculates from the lack of affirmative video evidence of a cause for the substance in the 22 minutes before she slipped that it must have been present at least 22 minutes prior to her fall and reasonably should have been discovered by Neill. We disagree with Peterson's interpretation of the video surveillance and cannot accept her unsubstantiated assertions: Peterson's reliance on "mere speculation or suggestion" is insufficient to defeat summary judgment. *See Bagley*, 492 F.3d at 330; *see also Babin*, 764 So. 2d at 40; *Bearb v. Wal-Mart La., L.L.C.*, 534 F. App'x 264, 265 (5th Cir. 2013) (affirming summary judgment dismissing plaintiffs' merchant-liability claim because the only evidence that the merchant had constructive notice of the wet condition was "speculation and [plaintiffs'] own unsubstantiated statements").

First, the video surveillance—which was recorded from the opposite end of the aisle where the accident occurred—lacks any visual evidence of the liquid substance on the floor. Similarly, the video footage does not evidence any other customers attempting to avoid the alleged hazardous area. To the contrary, as noted by the district judge, the area where Peterson fell was heavily trafficked and numerous customers are seen effortlessly traversing the area where

Peterson fell. The source of the liquid is not discernable from the surveillance video: the video does not clearly show someone or something creating the wet substance or otherwise provide any indication as to the length of time the liquid substance remained on the floor prior to Peterson's slip and fall. We have considered similar ambiguous video evidence insufficient to infer the temporal element of constructive notice for purposes of summary judgment. *See Taylor v. Wal-Mart Stores, Inc.*, 464 F. App'x 337, 339 (5th Cir. 2012); *see also Adams v. Dolgencorp, L.L.C.*, 559 F. App'x 383 (5th Cir. 2014).

Second, contrary to Peterson's assertion, the video surveillance does not definitively show that the spill did not occur after Neill walked through the area. "[T]he lack of evidence showing the non-existence of the spill is not evidence of the existence of the spill, but merely the absence of evidence." *White*, 699 So. 2d at 1086. Thus, in order to accept Peterson's assertion that the liquid had been on the floor for at least 22 minutes prior to her fall would require us to make a number of impermissible inferences unsupported by the summary judgment record. *See Taylor*, 464 F. App'x at 339. Such speculation and negative reasoning are not sufficient to carry Peterson's burden of putting forth "positive evidence" that the damage-causing condition existed for a period of time sufficient to demonstrate constructive notice. *See Bagley*, 492 F.3d at 330 (citing *Allen*, 850 So. 2d at 898–99).

Upon our review of the record, we conclude that Peterson failed to present positive evidence establishing that the condition existed for some time prior to her fall. Given the absence of facts in the record by which to infer that Brookshire had actual or constructive notice of the condition, Peterson is unable to establish a material fact issue to preclude summary judgment.

IV.

Accordingly, we AFFIRM the district court's grant of summary judgment in favor of Defendants.