# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2021

Lyle W. Cayce
Clerk

No. 20-30652
Summary Calendar

Martha Bradley,

*Plaintiff—Appellant*,

*versus*

Macy's Corporate Services, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-31

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Martha Bradley was injured when she slipped in a puddle of water on the floor of a Macy's department store. She brought a negligence suit against Macy's. The district court granted summary judgment to Macy's. We affirm.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30652

## I.

Martha Bradley visited the Macy's department store in the Mall of Louisiana on December 14, 2017. While at the store, Bradley slipped in a puddle of water on the floor. She fell and injured her back, and has since undergone two surgeries on her lumbar spine.

Bradley filed suit against Macy's in Louisiana state court on December 13, 2018, alleging that Macy's negligently failed to keep the store free from an unreasonably dangerous condition—namely, the puddle. *See* La. Rev. Stat. § 9:2800.6(A). Macy's removed the suit to federal court.

The district court granted summary judgment to Macy's. The court noted that under Louisiana law, Bradley had a burden to show that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." *Id.* § 9:2800.6(B)(2). The district court found that Bradley had failed to create a genuine issue of material fact on the notice element, because she had put forth no positive evidence of notice other than mere speculation that the puddle had existed for some time.

Bradley timely appealed the district court's summary judgment ruling. Bradley also filed a *pro se* "motion for summary reconsideration" in the district court. We granted Bradley's motion to stay further proceedings in this court pending the district court's consideration of Bradley's motion. The district court denied Bradley's motion on May 24, 2021, and Bradley did not appeal from that denial.

## II.

Bradley first argues that the district court should have granted her motion for summary reconsideration. But Bradley did not appeal the district court's denial of that motion. A party challenging an order disposing of a

postjudgment motion must file an amended, or separate, notice of appeal from the entry of the later order. FED. R. APP. P. 4(a)(4)(B)(ii). Accordingly, we lack jurisdiction to consider whether the district court erred in denying Bradley's motion for summary reconsideration. *See, e.g.*, *Vega v. Town of Flower Mound, Tex.*, 737 F. App'x 683, 684 (5th Cir. 2018); *Funk v. Stryker Corp.*, 631 F.3d 777, 780–81 (5th Cir. 2011).

Bradley also argues that the district court erred by granting summary judgment to Macy's. We review *de novo* a district court's grant of summary judgment, applying the same standards as the district court. *Jones v. New Orleans Regional Physician Hosp. Org., Inc.*, 981 F.3d 428, 432 (5th Cir. 2020). Summary judgment is warranted if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

Louisiana law provides that "[i]n a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving," among other things, that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." LA. REV. STAT. § 9:2800.6(B). "Constructive notice" exists when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Id.* § 9:2800.6(C)(1). The district court concluded that summary judgment was appropriate because Bradley provided no evidence, beyond mere speculation, that Macy's created or had actual or constructive notice of the water puddle on the floor.

Bradley says that she provided sufficient evidence to create a genuine factual dispute as to whether Macy's "created" the puddle. Bradley relies on

No. 20-30652

*Deshotel v. Wal-Mart Louisiana, LLC*, 850 F.3d 742 (5th Cir. 2017), where we held that negligent maintenance of a roof can qualify as "creation" of a hazard under § 9:2800(B). *Id.* at 745. Bradley argues that two pieces of evidence create a fact dispute as to whether Macy's created the puddle of water: first, testimony from a Macy's employee that Macy's maintains its own floors; and second, Ms. Bradley's testimony regarding the moistness of a sprinkler head above the area where she fell.[1]

Bradley's evidence is insufficient to preclude summary judgment. In *Deshotel*, we found that summary judgment was improper where the plaintiff presented evidence from the Wal-Mart manager and an expert roofing contractor that the roof was leaking and losing its ability to prevent rainwater from entering the building. 850 F.3d at 746. We distinguished *Bearb v. Wal-Mart Louisiana, LLC*, 534 F. App'x 264 (5th Cir. 2013), where we affirmed summary judgment when the only evidence of Wal-Mart's responsibility for a water puddle was "speculation and [the plaintiffs'] own unsubstantiated statements." *Id.* at 265. This case is akin to *Bearb* rather than *Deshotel*, because Bradley presented no evidence beyond her own speculation that Macy's was responsible for the puddle.

Bradley also argues that there is a genuine factual dispute as to whether Macy's had constructive notice of the puddle. To create a fact issue as to constructive notice, "the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *White v. Wal-Mart Stores, Inc.*, 669 So. 2d 1081, 1082

---

[1] Bradley also attempts to rely on photographs allegedly showing a leaky ceiling, but those photographs were not submitted to the district court until after its ruling on the motion for summary judgment. Because we lack jurisdiction over the district court's denial of Bradley's motion for reconsideration, we cannot consider these photographs.

No. 20-30652

(La. 1997). As the district court correctly found, Bradley presented no such evidence. Instead, she simply testified regarding the size and location of the puddle and speculated that Macy's employees would have discovered it quickly due to its size and location. Because Bradley failed to create a genuine factual dispute as to either creation of the hazard or constructive notice, the district court properly granted summary judgment to Macy's.

AFFIRMED.