JjPEATROSS, J.
In this case, Defendant, Brookshire Grocery Company (“Brookshires”) appeals the judgment of the trial court awarding Plaintiff, Katie Smith, $2,400 for damages she allegedly sustained in September 1997 when she slipped at a grocery store owned and operated by Brookshires. Brook-shires asserts the following two assignments of error: (1) the trial court erred in finding that Plaintiff sustained the applicable burden of proof and, alternatively, (2) that the trial court erred in awarding damages due to the lack of admissible evidence concerning the same. Since we find that Plaintiff failed to carry her burden of proof as set forth in the provisions of La. R.S. 9:2800.6, we reverse the trial court’s judgment and dismiss Plaintiffs claims against Brookshires.

FACTS

On September 5, 1997, at approximately 5:00 p.m., Katie Smith and her daughter went to Brookshires to purchase bread. After obtaining a shopping cart and proceeding to the back aisle of the store, Ms. Smith allegedly slipped in a liquid substance in the aisle. Ms. Smith testified that, when she slipped, she did not fall to the floor because she “caught the buggy,” but that something popped and that she cried out.[1] Although she did not think she was hurt at the time, she went to get an employee “to get the water up.” She found an employee coming out of the meat department and told her “that there was some water or something on which she had slipped,” and that the spill needed to be cleaned up before someone else fell. Only after Ms. Smith had returned home did she begin to feel worse. Over a day later, she went back to the store where a report was filled out concerning the incident. Although Ms. Smith sought medical treatment for her problem, she still had complaints at the time of trial in April 1999.
|2Other than Ms. Smith, the only witness to testify at trial was Carol Benson, the store employee whom Ms. Smith notified about the spill. Ms. Benson corroborated Ms. Smith’s testimony to the extent of verifying that there was a spill at the location Ms. Smith had indicated. Ms. Benson, however, described the spill as a “trail of spots” that was “more or less clear.” In contrast, Ms. Smith described the spill as about one fourth to one half the size of a piece of paper with about “three or four of little drops after that.” In addition, while Ms. Smith testified that she informed Ms. Benson that she had slipped in the liquid, Ms. Benson testified to the contrary that Ms. Smith did not tell her that she had slipped, but that someone *452 needed to clean up a spill before someone got hurt. Finally, Ms. Smith testified that she left a track mark in the liquid when she slipped, but Ms. Benson testified that there were no skid marks in any of the droplets of liquid, nor any indication that there were any buggy marks or wheel marks through any of the droplets. Neither Ms. Smith nor Ms. Benson knew either the source of the liquid or how long the liquid had been present on the floor.
In its oral reasons for judgment, the trial court noted that it found Ms. Smith to be forthright, and that there was evidence of a series of drops on the floor. In addition, Ms. Smith had testified that she slipped and there was medical evidence of injury to her hip. The trial court then stated that the fact that the droplets were on the floor “during a period of time which employees could have or should have discovered them,” gave rise to notice. Ultimately, the trial court ruled in favor of Ms. Smith and awarded her $2,400 in reimbursement for medical expenses.

DISCUSSION

La. R.S. 9:2800.6(B) reads as follows:
In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the|sburden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
A claimant proves “constructive notice” by proving that the condition existed for such a period of time “that it would have been discovered if the merchant had exercised reasonable care;” the mere presence of an employee in the vicinity where the condition exists does not constitute constructive notice unless the claimant shows that the employee either knew, or in the exercise of reasonable care should have known, of the condition. La. R.S. 9:2800.6(C)(1).
With respect to constructive notice under the provisions of the statute, the supreme court stated in White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081:
Though there is no bright line time period, a claimant must show that “the condition existed for such a period of time.... ” Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.
In Webb v. SEP, Inc., 31,946 (La.App. 2nd Cir.5/5/99), — So.2d -, 1999 WL 275605, we acknowledged the statement from White that proof of the temporal element is “not an impossible burden;” however, we also observed that such proof “appears to be an onerous burden for the claimant to meet.” Similarly, in Diez v. Schwegmann Giant Supermarkets, 97-0034 (La.App. 1st Cir.2/20/98), 709 So.2d *453 243, the first circuit observed that, while positive proof of such a time may not be an impossible burden, “it is certainly an onerous one.” Nonetheless, the court stated that it was constrained to require compliance with the applicable statutory and jurisprudential law. We must agree. The statute does not allow for the inference of constructive notice absent some showing of the temporal element. O’Brien, supra.
In O’Brien, the plaintiff was shopping in the automotive department of Wal-Mart when she stepped in a clear substance on the floor, slipped and injured her right ankle and left knee. Since she was holding on to her shopping cart, as in this case, the plaintiff did not fall to the floor. The plaintiff called for help, a Wal-Mart associate responded and an incident report was filled out. The plaintiff testified that she thought she was the first person to step in the substance as she did not recall seeing any trash or debris in the area. The substance was determined to be oil, a can of which was found on a nearby shelf, out of place, with the cap open and seal punctured. There was no evidence of how the oil got on the floor or how long it had been there. Without specifically finding that Wal-Mart had constructive notice of the spill, the trial court found in favor of the plaintiff, stating that the spill was caused either by an employee or customer and that the spill would have been discovered had the store exercised reasonable care.
The record in O’Bnen clearly established that the accident was due to a condition existing on Wal-Mart’s premises, and that the condition presented an unreasonable risk of harm that was reasonably foreseeable. The record, however, contained no evidence that any employee of the store either created or had actual notice of the presence of the condition. Accordingly, the case turned on the question of whether Wal-Mart had constructive knowledge prior to the accident. This court, citing White, supra, reversed the decision of the trial court based on the failure of the plaintiff to produce any evidence establishing that the oil was on the Lfloor for any length of time. See Diez, supra; Cooper v. Wal-Mart Stores, Inc., 97-1723 (La.App. 1st Cir.12/9/98), 725 So.2d 51; Colgin v. Wal-Mart Stores, Inc., 98-835 (La.App. 5th Cir.1/13/99), 726 So.2d 454.
In the instant case, as in O’Brien, the record reveals that Ms. Smith presented no evidence as to the length of time the condition existed prior to her fall. As previously stated, Ms. Smith testified that she did not know how the substance got on the floor or how long it had been there. The incident did not occur at a place in the store nor was the unidentified substance one that would suggest the spill was caused by an employee rather than a customer. Moreover, the spill did not occur just after the store had opened in the morning, but occurred in the early evening when, as Ms. Benson testified, people were beginning to get off work and the store was just beginning to get busy. Thus, the spill could have been caused by a customer. Finally, the lack of evidence of buggy marks in the liquid suggested that the liquid had not been on the floor for a long time.
While we are cognizant that a trial court’s determination of whether a merchant had constructive notice of a condition creating an unreasonable risk of harm to customers is a factual finding that may not be set aside absent a showing of manifest error, Stewart v. Atlantic and Pacific Tea Co., 94-1592 (La.App. 4th Cir.3/16/95), 657 So.2d 1327, we must conclude in the case sub judice that the trial court erred in finding that Ms. Smith carried her burden of proving constructive notice under the provisions of La. R.S. 9:2800.6. Having determined that Plaintiff failed to carry her burden of proof regarding notice, it is not necessary to address Brookshires’ second assignment of error concerning proof of damages.
*454 | «CONCLUSION
For the reasons set forth above, the judgment of the trial court is hereby reversed and Plaintiffs claims against Defendant, Brookshire Grocery Company, are dismissed. Costs of this appeal are assessed to Plaintiff, Katie Smith.
REVERSED AND RENDERED.

. We note that the statute governing merchant liability in slip-and-fall cases applies in cases where a slip occurs without an actual fall to the floor. O'Brien v. Wal-Mart Stores, Inc., 31,032 (La.App.2d Cir.10/28/98), 720 So.2d 1263; Wilson v. National Union Fire Ins. Co. of Louisiana, 27,702 (La.App.2d Cir.12/6/95), 665 So.2d 1252.