914 So.2d 118 (2005)
Jeffery HOWARD, Plaintiff-Appellee,
v.
FAMILY DOLLAR STORE # 5006, et al., Defendants-Appellants.
No. 40,282-CA.
Court of Appeal of Louisiana, Second Circuit.
October 26, 2005.
*119 Bobby Manning, for Appellee.
Ungarino & Eckert, LLC by Brian D. Smith, Matthew J. Ungarino, David I. Bordelon, for Appellants.
Before STEWART, DREW and LOLLEY, JJ.
LOLLEY, J.
Defendants, Family Dollar Stores of Louisiana, Inc. ("Family Dollar") and Constitution State Services, LLC,[1] appeal the judgment of the Monroe City Court, State of Louisiana in favor of the plaintiff, Jeffery Howard. For the following reasons, we reverse the judgment of the trial court and render judgment in favor of the appellants.

FACTS
Howard filed suit against Family Dollar, originally alleging that he fell over a box of cleaning supplies on the floor at the store located in Richwood, Louisiana.[2] At trial, Howard specified that he had slipped on a puddle of blue liquid that had spilled on the aisle of the store. Family Dollar filed an answer generally denying Howard's allegations and pleading Howard's negligence as the sole or, at least, contributing cause of the accident.
On November 29, 2003, Howard was shopping at the Family Dollar when he allegedly slipped, fell, and injured his back. At the trial of the matter, the trial court heard the testimony of three witnesses: Howard, Ron Evans, the store manager, and Debra Scott, the assistant manager. The first witness to testify was Howard, who described the alleged incident and stated that he did not fall to the floor, but allegedly twisted his back. Howard's testimony regarding the liquid itself was limited to his description that it was blue, coming from under a box stacked in the aisle, and "all over the aisle." Howard testified that he did not see the liquid before he slipped, but afterward told store employees about the spill. He indicated that later that evening his back began to hurt, and the next Monday he returned to the store where an incident report form was filled out. He subsequently sought medical attention at a local hospital and was referred to a physician from whom he received treatment for a little over three months.
Evans, the Family Dollar manager, testified that the store had a procedure for doing scheduled inspections of the store and that a written report was filled out three times a day. A copy of that report was admitted into evidence. Furthermore, he noted that at any time of the day that the store was open, employees were checking the store and looking around for spills or accident-prone areas. On the day of the incident at issue, Evans testified that he did an inspection at 9:00 a.m. when the store opened and did another at 1:00 p.m. Evans stated that during the inspections he performed, he would have looked at the floor in the area where Howard said he fell. According to Evans' testimony, there was nothing on the floor in that area when *120 he inspected it. Instead, his first indication of a problem was when he heard Howard state that there was something on the floor that needed to be attended to. What Evans said he found on the floor was a bottle of liquid detergent that was lying on its side with some blue liquid that had come out and made puddles on the floor. Evans described the spill as not being "real big," and indicated that he had last been in the area where the spill was found within 30 to 45 minutes, at which time the floor was clear. Evans recalled the incident occurring between noon and 1:00 p.m.
Scott, the store's assistant manager, testified that she heard Howard say that there was a spill on the floor and that she then called the manager. Scott further testified that she did not see the spill on the floor until after the alleged incident, and she estimated that the spill had been there several minutes. When asked about the last time she would have looked at the area before the incident, she responded that it had not been long since she had gotten up to get a box and that she would have walked by that particular area to get the box.
After hearing closing arguments, the trial court stated that it considered the testimony of Howard, Evans, and Scott. Apparently based on that, it concluded that Howard had met the burden of proof and awarded him general damages in the amount of $5,000 and special damages in the amount of $1,759.87. This appeal followed.

DISCUSSION
On appeal, Family Dollar raises one assignment of error. It argues that the trial court erred in its determination that Howard met his burden of proof required under La. R.S. 9:2800.6; specifically, that he failed to prove Family Dollar had notice, either actual or constructive, of the hazardous condition.
Louisiana R.S. 9:2800.6 states in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless *121 it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition....
Here, the pivotal issue concerns the second element in Howard's burden of proof against Family Dollar, the merchant. That is, did Howard prove that Family Dollar either created the condition or had actual or constructive notice of the condition which caused the damage, prior to the occurrence? Howard made no allegations that Family Dollar had created the spill or that it had actual notice of the spill in this case, nor is there any evidence of such; thus, our focus in on whether or not Howard proved at trial that Family Dollar had constructive notice of the spill.
Both the requirement of actual or constructive notice found in section (B)(2) of the statute, and the definition of constructive notice found in Section (C)(1), are clear and unambiguous. Babin v. Winn-Dixie Louisiana, Inc., XXXX-XXXX (La.06/30/00), 764 So.2d 37. With respect to the definition of constructive notice, the Babin court stated:
There is a temporal element included [in the statute]: "such a period of time...." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
Id. at 40.
To prove constructive notice, the plaintiff must show that the substance remained on the floor for such a period of time that the defendant would have discovered it by the exercise of ordinary care. Allen v. Wal-Mart Stores, Inc., 37,352 (La.App.2d Cir.06/25/03), 850 So.2d 895, 898. Louisiana R.S. 9:2800.6 does not allow for the inference of constructive notice absent some showing of this temporal element. Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Id.
In Allen, supra, the plaintiff failed to present any evidence that anyone noticed the presence of the liquid on the floor prior to the accident. Nor did the plaintiff present any evidence as to the condition of the liquid after the fact that would suggest that it had been there for some period of time, such as that some areas of the spill had dried, that shopping cart tracks or footprints were in the liquid, or that the liquid was dirty. Furthermore, in Allen we rejected the plaintiff's argument that attempted to link the size of the spill with the length of time the spill had existed prior to the accident. Because the plaintiff presented no evidence as to the origin or state of the spill, we concluded that the inference the plaintiff asked the court to draw was merely one possibility that was no more likely than any other potential scenario. Id.
In the case sub judice, other than stating that Howard "met the burden of proof," we note that the trial court gave no other explanation of its reasoning nor was there any indication that the trial court even applied the applicable provisions of La. R.S. 9:2800.6 (although counsel *122 for Family Dollar pointed out the applicability of the statute in closing arguments). We acknowledge that the trial court is in a superior position to the appellate court to evaluate the credibility of witnesses, and that where two permissible views of the evidence exist, the fact-finder's choice between them cannot be manifestly erroneous or clearly wrong. McGuyer v. Fidelity & Cas. Co. of N.Y., 39,450 (La.App.2d Cir.03/02/05), 895 So.2d 701. However, "two permissible views of the evidence" did not exist here, because although the trial court may have based its judgment on Howard's testimony, giving it greater credibility, that same testimony failed to give any indication as to the period of time that the spill had been on the floor. He simply testified that the blue liquid was leaking from beneath a stack of boxes. Howard bore the burden of proof on this crucial issue, but he failed to prove the fact that Family Dollar had either actual or constructive notice of the spill. See Smith v. Brookshire Grocery Co., 32,619 (La.App.2d Cir.01/26/00), 750 So.2d 450; Cohen v. Brookshire Brothers, Inc., 2004-916 (La.App. 3d Cir.11/10/04), 887 So.2d 681. Notably, as in Allen, Howard did not produce any witnesses to verify that the period of time the spill existed, nor did he present any physical evidence, other than the size, to indicate that the spill had existed for any period of time.
Howard notes on appeal that he testified the puddle of liquid he slipped in was rather large, and he argues this would suggest that it was on the floor for some period of time prior to him slipping in it. However, for the same reasons set forth in Allen, we decline in the absence of additional evidence concerning the origin and mechanics of the spill to infer a correlation between the size of the spill and the length of time the spill existed prior to the incident.
For the reasons set forth above, we conclude that the trial court was clearly wrong and committed manifest error in its finding that Howard carried his burden of proof with respect to constructive notice. As this court has noted before, the proof requirements under La. R.S. 9:2800.6 are onerous, however, not impossible. The appellate courts, as are the trial courts, are constrained to require compliance with the applicable statutory and jurisprudential law. See Smith, supra. In this case, the evidence submitted simply does not show either that Family Dollar caused the spill, or that the spill was on the floor for such a period of time that Family Dollar would have discovered it by the exercise of ordinary care. Moreover, the statute does not allow for the inference of constructive notice absent some showing of the temporal element. Id.

CONCLUSION
Accordingly, for the reasons set forth, the judgment of the trial court is hereby reversed, and judgment is rendered in favor of appellants. Costs of this appeal are assessed to Jeffery Howard.
REVERSED AND RENDERED.
NOTES
[1] Howard erroneously named "Family Dollar Store # 5006" in his petition for damages. Additionally, although Howard named Constitution State Services, LLC as a defendant, the pleadings continue to refer to it, and judgment was rendered against it, the record is silent as to what connection that entity has to this litigation.
[2] Monroe City Court has jurisdiction over civil matters arising out of the municipality of Richwood.