United States Court of Appeals
Fifth Circuit

**F I L E D**

July 9, 2007

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

---

m 06-30819

---

SUE L. BAGLEY,

Plaintiff-Appellant,

VERSUS

ALBERTSONS, INC.,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
m 5:05-CV-2050

---

Before SMITH, BENAVIDES, and DENNIS,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Sue Bagley slipped and fell in a puddle in the aisle of a store operated by Albertson's, Inc. ("Albertson's"), injuring her back and hip. She sued, alleging the store either created the puddle or had constructive notice of it before her fall. After removal, the district court granted summary judgment for Albertson's. Bagley appeals, and we reverse and remand.

I.

Bagley slipped and fell on a liquid substance spilled in an Albertson's aisle.[1] No other

---

[1] The evidence and inferences from the summary judgment record must be viewed in the light
(continued...)

shoppers were in the aisle when she fell, and several minutes elapsed before she could contact anyone for help. A fireman was the first person to come to her aid; he also fell while approaching her and later observed a trail of the substance down the aisle and into an adjacent aisle. Several employees began sliding halfway down the aisle when they later approached to assist. Although the employees opined that the liquid might have been meat blood leaking from a shopping cart, nobody could positively identify the substance.

Bagley sued in state court, seeking recovery for injuries to her back and hips resulting from the fall. Albertson's removed and sought summary judgment, which the district court granted, finding that Bagley could not provide evidence to demonstrate that the store created the puddle or had constructive notice.

## II.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We review a summary judgment *de novo*. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912 (5th Cir. 1992).

As an element of a Louisiana delictual action for failure to maintain safe premises, a

---

[1](...continued)
most favorable to the nonmovant. *Minter v. Great Am. Ins. Co.*, 423 F.3d 460, 465 (5th Cir. 2005).

plaintiff must demonstrate that the "merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." LA. REV. STAT. ANN. § 9:2800.6(B)(2). "'Constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Id.* § 9:2800.-6(C)(1). The statute "places a heavy burden of proof on plaintiffs" in slip and fall cases. *Jones v. Brookshire Grocery Co.*, 847 So.2d 43, 48 (La. App. 2d Cir. 2003). "Mere speculation or suggestion" is not sufficient to meet this burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are "no more likely than any other potential scenario." *Allen v. Wal-Mart Stores, Inc.*, 850 So .2d 895, 898-99 (La. App. 2d Cir. 2003).

## III.

Bagley alleges that Albertson's created the spill by either improperly wrapping meat products, or by improperly inspecting wrapped meat for rips. Bagley supports her allegations with the deposition testimony of two store employees who were present after her fall and opined that the spill was probably from a leaky meat package. Given that the employees are familiar with the appearance of meat effluence, their testimony is competent summary judgment evidence that the liquid substance was meat blood.

Bagley has presented no evidence as to how the liquid reached the floor. She attempts to rely on the testimony of a single employee who stated, "I was thinking it was like chicken blood or meat blood that just a customer stopped for a second and it was dripping out of the bottom of their buggy." This statement is speculative at best, and even if it were suffi-

cient evidence for a jury to find that the liquid came from a cart, it is yet another step to show Albertson's responsibility for the leak. No reasonable jury could find that Bagley has presented sufficient evidence to demonstrate that Albertson's created a leak.

Alternatively, Bagley alleges that Albertson's had constructive notice of the puddle on the floor. Whether the period of time that a condition existed was sufficient to provide a merchant with constructive notice is a fact question that must be submitted to the jury. *Allen*, 850 So. 2d at 898. "[H]owever, there remains the prerequisite showing of some time period." *Id.* There is no bright line time period, but "some positive evidence is required of how long the condition existed prior to the fall." *Robinson v. Brookshires #26*, 769 So. 2d 639, 642 (La. App. 2d Cir. 2000).

The district court relied on the fact that Bagley could neither testify as to how long the puddle had been on the floor nor demonstrate the origin or nature of the liquid to imply a necessary passage of time. *See Howard v. Family Dollar Store No. 5006*, 914 So. 2d 118, 122 (La. App. 2d Cir. 2005). Bagley did, however, present testimony from the fireman that the spill covered a significant area extending through the aisle and into an adjoining back aisle. That testimony supports a reasonable inference that the liquid leaked from a customer's cart. Bagley testified that when she entered the aisle and slipped, the aisle was empty. This supports a reasonable inference that the other cart had sufficient time to clear the aisle, implying the passage of "some period of time."

In *Howard*, the plaintiff slipped in a "puddle of blue liquid" that had spilled next to a "box of cleaning supplies." *Id.* at 119. The court declined "in the absence of additional evidence concerning the origin and mechanics of the spill to infer a correlation between the size of the spill and the length of time the spill existed prior to the incident." *Id.* at 122. By comparison, in *Broussard v. Wal-Mart Stores, Inc.*, 741 So. 2d 65 (La. App. 3d Cir.), *writ denied*, 742 So. 2d 562 (La. 1999), the court found sufficient facts to present constructive notice to the jury where a spill was "elongated, not uniform, and covers approximately three to four tiles, suggesting that it had spread over a period of time." *Id.* at 69. The present case is more analogous to *Broussard*, because the size and nature of the spill demonstrate that some period of time passed before Bagley's accident. She has presented sufficient evidence to survive summary judgment on the issue of constructive notice.

The judgment is REVERSED, and this matter is REMANDED for further proceedings.

3