**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2009

No. 09-30184
Summary Calendar

Charles R. Fulbruge III
Clerk

PAUL WILLIAMS

Plaintiff - Appellant

v.

HOME DEPOT USA, INC,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:08-CV-9

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Paul Williams appeals the district court's summary judgment dismissing his slip-and-fall negligence suit against defendant-appellee Home Depot USA, Inc. ("Home Depot"). For the reasons set forth below, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 20, 2006, Williams was a customer at a Home Depot location in Shreveport, Louisiana, when he slipped on fireplace sand that had leaked from a torn bag onto the store's floor. On November 19, 2007, Williams filed this negligence suit in Louisiana state court. Home Depot later removed the suit to the United States District Court for the Western District of Louisiana. On January 26, 2009, the district court granted Home Depot's motion for summary judgment. It found that Williams failed to show that Home Depot had constructive notice of the fireplace sand because he had "not produced any significantly probative evidence whatsoever to satisfy the temporal element requirement of [Louisiana Revised Statute] 9:2800.6 that the floor area where he slipped was in a condition that posed an unreasonable risk of harm for any length of time." Williams filed a timely notice of appeal.

## II. DISCUSSION

We review the district court's grant of summary judgment de novo. *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a summary judgment motion, all facts and evidence must be taken in the light most favorable to the non-movant. *Bagley*, 492 F.3d at 329 n.1.

In order to establish his claim, Louisiana law requires that Williams show that Home Depot "had actual or constructive notice of the condition which caused the damage, prior to the occurrence." LA. REV. STAT. ANN. § 9:2800.6(B)(2). Constructive notice requires Williams to "prove[] that the

condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." LA. REV. STAT. ANN. § 9:2800.6(C)(1).

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time . . ." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.

*White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084–85 (La. 1997) (omission in original). Although "[t]he statute places a heavy burden of proof on plaintiffs in slip and fall cases," *Bagley*, 492 F.3d at 330 (internal quotation marks omitted), "[t]his is not an impossible burden," *White*, 699 So. 2d at 1085.

Williams contends that he presented sufficient circumstantial evidence to survive summary judgment on this temporal element because he established that (1) the sand came from an open bag; (2) the open bag must have been moved by either a Home Depot employee or customer; and (3) the sand leaked onto the floor at some time before he entered that area of the store. He also contends that he offered competent summary judgment evidence on Home Depot's failure to act reasonably in relation to the fireplace sand.

Williams falls into the Louisiana Supreme Court's category of a plaintiff "who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall." *Id.* at 1084. We recognized in *Bagley* that this temporal showing could be based on a reasonable inference drawn from circumstantial evidence. 492 F.3d at 331. In that case, we found

that the puddle causing the spill "covered a significant area extending through the aisle and into an adjoining back aisle" and drew a correlation between the size and shape of the puddle and the duration it had existed. *Id.*; *see also Broussard v. Wal-Mart Stores, Inc.*, 741 So. 2d 65 (La. App. 1999); *cf. Howard v. Family Dollar Store No. 5006*, 914 So. 2d 118, 122 (La. App. 2005) (declining to make such an inference because of the lack of "additional evidence concerning the origin and mechanics of the spill").

Williams's reliance on *Bagley* is misplaced because unlike an expanding fluid, the pile of sand that Williams slipped on was inert. Williams has shown the existence of the condition but has presented no evidence from which we can infer that the condition existed for such a period of time that Home Depot should have discovered it. *See Babin v. Winn-Dixie Louisiana, Inc.*, 764 So. 2d 37, 40 (La. 2000) (affirming the lower court's grant of summary judgment where the evidence that toothpick boxes, which were immobile like the fireplace sand in this case and unlike the liquid in *Bagley*, had been in the aisle for some time only reached the level of "speculation"). Since Williams failed to present evidence regarding the temporal element required § 9:2800.6(C)(1), the district court was correct to grant Home Depot's motion for summary judgment because Home Depot did not have constructive notice of the condition. Having determined that Williams failed to satisfy this element, we do not need to reach his second argument regarding whether Home Depot failed to exercise reasonable care.

## III. CONCLUSION

For the reasons set forth above, we AFFIRM the district court's grant of summary judgment.