# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2021

Lyle W. Cayce
Clerk

No. 21-30189

K ATHLEEN D ONALDSON,

*Plaintiff—Appellant*,

*versus*

S AM'S E AST, I NCORPORATED; J OSEPH B ALDWIN,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-1108

Before K ING, S MITH, and H AYNES, *Circuit Judges*.
P ER C URIAM:*

Kathleen Donaldson appeals the summary judgment in favor of Sam's East and Joseph Baldwin on her premises liability cause of action. For the reasons set forth below, we AFFIRM in part, and VACATE and REMAND in part, with further instructions.

---

* Pursuant to 5TH C IRCUIT R ULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH C IRCUIT R ULE 47.5.4.

## I.     Background

In May 2018, Donaldson and her husband were shopping at a Sam's East ("Sam's") store in Baton Rouge, Louisiana.  While walking down an aisle, Donaldson "[t]urned around to walk towards [her] husband and just ended up on the floor."  Her husband did not see Donaldson fall but noticed a wood chip on the floor next to Donaldson after attending to her.  The wood chip appeared to have "broken off something," and was the same shade of blue as a pallet that was at ground-level at the spot where Donaldson fell.  Donaldson's fall resulted in injuries that required emergency surgery.

Donaldson sued Sam's and Baldwin, the store manager, for negligence in Louisiana state court.  Sam's then removed the case to federal court, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332 because Sam's is a citizen of Arkansas, and Donaldson is a citizen of Louisiana.  Although Baldwin is a resident of Louisiana, Sam's asserted that Baldwin was improperly joined, meaning the court could disregard his citizenship in determining whether diversity jurisdiction existed for Donaldson's claim against Sam's.  Donaldson never filed a motion challenging removal, nor did the district court independently evaluate whether it had jurisdiction over the action.  Rather, the district court granted summary judgment in favor of Sam's and Baldwin on the merits of Donaldson's claims without distinguishing between the two defendants.  Donaldson appealed.

## II.     Jurisdiction & Standard of Review

A threshold issue is whether the district court had jurisdiction over this case under 28 U.S.C. § 1332.  If it did, we review its summary judgment de novo.  *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law." FED. R. CIV. P. 56(a). All doubts are resolved, and all reasonable inferences are drawn, in favor of the nonmovant. *Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010).

## III.     Discussion

The two issues on appeal are (1) whether the district court had jurisdiction over this case under 28 U.S.C. § 1332 and (2) if so, whether the district court properly granted summary judgment in favor of Sam's and Baldwin. We conclude that, under this circuit's precedent, Baldwin was improperly joined, so the district court never had jurisdiction over him. We also conclude that the summary judgment to Sam's was proper. Accordingly, we affirm the summary judgment in favor of Sam's, vacate the summary judgment in favor of Baldwin, and remand to the district court with instructions to dismiss Baldwin from the case for lack of jurisdiction.

### A. Diversity Jurisdiction

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court to a federal district court if the district court has original jurisdiction over the action. The removing party bears the burden of establishing that federal jurisdiction exists. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

In this case, Sam's based its removal on diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is proper if the amount in controversy exceeds $75,000 and "there is complete diversity of citizenship between the parties." *Id.* (citing 28 U.S.C. § 1332(a)). For complete diversity to exist "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quotation omitted). Individuals are a citizens of the state in which they are domiciled, *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996), and corporations are citizens of their

principal place of business and place of incorporation, *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd.*, 757 F.3d 481, 484 (5th Cir. 2014).

In this case, the amount in controversy requirement was satisfied, but complete diversity was lacking because both Donaldson and Baldwin appear to be citizens of Louisiana.[1]  Nevertheless, Sam's asserted that diversity jurisdiction was proper because Baldwin was improperly joined.  Under this circuit's improper joinder doctrine, the presence of a non-diverse party will not prevent removal on the basis of diversity jurisdiction if there was (1) "actual fraud in the pleading of jurisdictional facts," or (2) if a plaintiff is unable "to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quotation omitted).

To determine whether a plaintiff lacks a "reasonable basis of recovery under state law," we may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*; *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).  Importantly, a defendant must demonstrate that the plaintiff has no basis for recovery against the nondiverse defendant for a reason that does not also apply to the plaintiff's claim against the diverse defendant. *See Smallwood*, 385 F.3d at 573–74.

Here, Sam's asserted that Donaldson failed to allege that Baldwin owed her an independent duty of care—a necessary element to establish personal liability under Louisiana law.  In Louisiana, an employee can be held

---

[1] Sam's alleged only that Baldwin was a resident of Louisiana.  Allegations of residency are insufficient to establish a person's citizenship. *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985).  However, because we conclude that Baldwin was improperly joined, this defect is immaterial.

personally liable for injuries sustained by a third person on an employer's premises only if "(1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456–57 (5th Cir. 2013) (per curiam) (quoting *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973), *superseded on other grounds by statute*, LA. REV. STAT. ANN. § 23.1032 (1998)).     Notably, "a defendant-employee's general administrative responsibility is insufficient to impose personal liability." *Id.* at 457 (internal quotation marks and citation omitted).

Donaldson alleged that Baldwin was negligent because of his "oversight and failure to follow and enforce store policies." But Donaldson did not allege that Sam's delegated its duty of care to Baldwin specifically, nor did she allege that Baldwin breached any duty through his own fault or by the lack of ordinary care. Accordingly, Donaldson's allegations were insufficient to state a claim against Baldwin.[2] Thus, under *Smallwood*, Baldwin was improperly joined.

Because Baldwin was improperly joined, the district court never had jurisdiction over him. *See Int'l Energy Ventures*, 818 F.3d at 209. When a court concludes "that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice." *Id.* (quotation omitted). Accordingly, we vacate the summary judgment as to Baldwin and remand to the district court with instructions to dismiss Baldwin without prejudice for lack of jurisdiction.

---

[2] Donaldson adequately alleged that Sam's owed her a duty of care. Therefore, this argument does not apply with equal force to Sam's and relates only to Donaldson's claims against Baldwin.

No. 21-30189

## B. Premises Liability Claim

We apply Louisiana law to assess Donaldson's negligence claim against Sam's. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  To succeed on her claim, Donaldson must show that Sam's "either created or had actual or constructive notice of the condition which caused the damages, prior to the occurrence." LA. REV. STAT. ANN. § 9:2800.6(B). Louisiana courts also require slip and fall plaintiffs to present evidence establishing the cause of their fall.  *See Waterman v. Acadiana Mall CMBS, LLC*, 269 So. 3d 789, 800 (La. Ct. App. 2019) (requiring a plaintiff to prove damages "due to a condition existing in or on a merchant's premises").  Donaldson asserts that the wood chip caused her fall and that Sam's "created" the condition that led to her fall, namely the presence of the wood chip in the aisle. Alternatively, Donaldson argues that Sam's had constructive notice of the wood chip.

Regarding the cause of her fall, we note that Donaldson's husband did not witness the fall, and Donaldson's own testimony regarding the accident is vague.  All Donaldson could remember was that she "[t]urned around . . . and just ended up on the floor."  After the fall, Donaldson and her husband noticed a wood chip near the site of the accident.  However, that evidence alone is insufficient to create a genuine dispute of material fact as to the cause of the fall.  *See Tomaso v. Home Depot, U.S.A., Inc.*, 174 So. 3d 679, 683 (La. Ct. App. 2015) (concluding that plaintiff's assertion that a zip tie was the only thing that could have caused his fall was impermissibly speculative where he did not see the zip tie until after his fall).  Accordingly,

No. 21-30189

Donaldson cannot show a genuine dispute of material fact as to whether the wood chip caused her fall.[3]

As to her theory that Sam's "created" the condition that led to her fall, Donaldson points to the testimony of a Sam's corporate representative explaining that wood chips often break off pallets during overnight stocking. However, the testimony of the Sam's representative does not demonstrate that the only potential source of the wood chip was a Sam's employee. Indeed, the Sam's representative also explained that chips can break off pallets when carts hit them and when customers step on them. Without evidence establishing the origin of the wood chip, Donaldson's claim cannot survive summary judgment under this theory. *See Bagley*, 492 F.3d at 330–31 (concluding that plaintiff did not present sufficient evidence that the defendant caused a leak where she "presented no evidence as to how the liquid reached the floor").

That leaves Donaldson's constructive notice theory. To survive summary judgment on a constructive notice theory, Donaldson "must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1082 (La. 1997). This court has held that "[w]hether the period of time that a condition existed was sufficient to provide a merchant with constructive notice is a fact question that must be submitted to the jury." *Bagley*, 492 F.3d at 331. However, at summary judgment, the

---

[3] Donaldson's husband testified that Donaldson told him that "something got under her foot" prior to when she slipped, but this testimony was inadmissible hearsay. *See* FED. R. EVID. 801(c), 802; FED. R. CIV. P. 56(c)(2) (establishing that, at summary judgment, a party may object to evidence that cannot be presented in an admissible form). Even if the statement was admissible under a hearsay exception, it does not establish that the wood chip was what "got under her foot."

plaintiff must introduce "some positive evidence . . . of how long the condition existed prior to the fall." *Id.* (quoting *Robinson v. Brookshires # 26*, 769 So. 2d 639, 642 (La. Ct. App. 2000)).

Donaldson failed to do so. Neither Donaldson nor her husband saw the wood chip prior to entering the aisle. Additionally, though Donaldson and her husband were alone in the aisle at the time of the fall, another patron was in the next aisle, close enough to hear Donaldson fall and arrive at the scene of the accident immediately. In *Bagley*, we inferred that a leaky cart "had sufficient time to clear the aisle" because of the "size and nature of the spill," namely that it was liquid and had spread over time, and because no one was around the plaintiff when she slipped. 492 F.3d at 331. Here, both the nature of the hazardous condition (a solid wood chip), and the other patron's close proximity to Donaldson distinguish *Bagley* and destroy the ability to infer that a sufficient amount of time had elapsed to put Sam's on constructive notice.[4] *Compare McDowell v. Wal-Mart Stores, Inc.*, 811 F. App'x 881, 884–85 (5th Cir. 2020) (per curiam) (affirming summary judgment where plaintiff's constructive notice assertion lacked positive evidence of how long the water she slipped on had been there, and at least two other customers were in the aisle with her at the time of the fall), *with Bagley*, 492 F.3d at 331 (holding there was sufficient evidence to survive summary judgment where plaintiff slipped on liquid that leaked from a cart,

---

[4] The dissenting opinion asserts that this case is indistinguishable from *Bagley* because a liquid spill and a wood chip are both potentially hazardous conditions in a store aisle. That statement is accurate, but the dissenting opinion misses the point. A liquid spill (due to its nature as liquid) will spread *over time*, which is why we were able to infer a sufficient amount of time had passed to put the merchant on constructive notice in *Bagley*. 492 F.3d at 331. A wood chip (due to its nature as a solid) will not change over time. Thus, without some positive evidence from Donaldson, we cannot draw the same inferences we drew in *Bagley* regarding how long the wood chip was in the aisle.

No. 21-30189

and the aisle was clear when she slipped, implying that time had passed since the leaking cart had come through).

Because Donaldson failed to establish a genuine dispute of material fact regarding the requirements of § 9:2800.6(B)(2), we affirm the summary judgment in favor of Sam's.

Accordingly, the judgment is AFFIRMED in part, and VACATED and REMANDED in part, with instructions.

No. 21-30189

KING, *Circuit Judge*, concurring in part, dissenting in part:

I agree with the majority's decision on the jurisdictional issue. However, I think there is a genuine dispute of material fact as to Sam's constructive notice of the wood chip alleged to be the cause of the plaintiff's fall. The majority asserts that Donaldson failed to come forward with positive evidence showing that the damage-causing condition existed for some period of time. I disagree.

Donaldson and her husband were alone in the aisle at the time of Donaldson's fall. The majority argues that another patron, in the next aisle over, being close enough to hear Donaldson fall and quickly arrive at the scene, "destroys the ability to infer that the wood chip was in the aisle" for a sufficient period of time to put Sam's on notice. This argument is incorrect for two reasons.

First, under our court's precedent in *Bagley*, "[w]hether the period of time that a condition existed was *sufficient* to provide a merchant with constructive notice is a *fact* question that *must* be submitted to the jury." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 331 (5th Cir. 2007) (emphasis added).[1] The question before us is whether there is sufficient evidence of the existence of the wood chip before the accident to put Sam's on notice of a condition dangerous to customers.

Second, in *Bagley*, this court reasoned that because (a) testimony revealed support for the inference that the spill was created by another customer's cart and (b) the plaintiff was alone in the aisle at the time of her

---

[1] Accordingly, the majority's reliance on *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1082 (La. 1997), is misguided. That case went to trial, and the Supreme Court of Louisiana granted writs to readdress the question of constructive notice—so the sufficiency of the length of time was at issue in that case, unlike here.

fall, the evidence supported a reasonable inference that "some period of time" had passed between the spill and the plaintiff's fall. 492 F.3d at 331. Analogously, the three possibilities evidenced in the record before us[2] all lead to a reasonable inference that *some period of time* had passed between the creation of the dangerous condition (i.e., the wood chip) and Donaldson's fall, making it a question for the jury whether that period of time was sufficient to produce constructive notice to Sam's. *Id.*

Additionally, I find the majority's attempt to distinguish this case from *Bagley* unconvincing. The fact that this slip-and-fall case does not involve a spill (as do *Bagley*, 492 F.3d at 329, and *Broussard*[3]) is a distinction without a difference. A liquid spill and a wood chip (approximately 2.5″ x 1.5″ x 1″) are both potentially dangerous conditions in a store aisle.

Respectfully, I dissent.

---

[2] If the wood chip broke off a pallet during restocking the night before, and Donaldson was injured around 3 p.m., then the wood chip existed in the aisle for several hours. If another customer hit the pallet with his or her cart or stepped on the pallet, then, because there was no other customer in the aisle, "some period of time" would have had to pass for that customer to exit the aisle before the Donaldsons arrived. *Bagley*, 492 F.3d at 331.

[3] *Broussard v. Wal-Mart Stores, Inc.*, 741 So. 2d 65, 69 (La. Ct. App. 1999).