# United States Court of Appeals for the Fifth Circuit

No. 21-30665
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2022

Lyle W. Cayce
Clerk

Katrina Smith,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Louisiana, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
No. 1:19-CV-447

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

This is a retail slip-and-fall case brought to federal court by diversity of citizenship. The plaintiff, Katrina Smith, alleged, under the Louisiana

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30665

Liability Act, La. Rev. Stat. § 9.2800.6, that she slipped on a clear liquid and was injured.

In a concise but comprehensive Memorandum Ruling issued on September 2, 2021, the district court granted summary judgment for the defendant, Wal-Mart Louisiana, L.L.C. The court concluded that "Smith fails to provide any positive evidence establishing constructive notice and '[m]ere speculation . . . is not sufficient to meet [Smith's] burden and [this court] will not infer constructive notice for purposes of summary judgment where[her] allegations are no more likely than any other potential scenario.'" (district court's alterations) (quoting *Bagley v. Albertson's, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007)).

In so deciding, the court took careful note of Smith's theory that surveillance video supported her claim. We agree with the district court's conclusions based on its application of Louisiana law and the summary judgment evidence.

On appeal, Smith avers that the district court should have allowed her to amend to add a complaint against a non-diverse store employee who walked directly by a spill. Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand . . . ." The district court was well within its discretion to deny amendment to add a non-diverse hourly employee who was in the course of performing general administrative duties.

The summary judgment is AFFIRMED, essentially for the reasons amply explained in the Memorandum Ruling.