# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 21, 2022

Lyle W. Cayce
Clerk

No. 21-30316

Darrell Dixon,

*Plaintiff—Appellant*,

*versus*

Haza Foods of Louisiana, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:20-CV-389

Before Wiener, Graves, and Duncan, *Circuit Judges*.
Per Curiam:*

In this diversity case, Darrell Dixon sued Haza Foods of Louisiana, LLC ("Haza") after he fell in a Wendy's parking lot. Dixon appeals the summary judgment dismissing his claims. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-30316

## I.

On a December afternoon in 2018, around 3:45 p.m., Dixon and his wife parked at a Wendy's in Kenner, Louisiana. As Dixon walked around their truck to switch seats with his wife, he tripped over a piece of rebar protruding from the pavement and was injured. A concrete parking bumper had been shoved forward, exposing the rebar.

Dixon sued Haza (the owner of the Wendy's) in Louisiana state court, alleging state tort claims. Haza removed the case to federal court based on diversity jurisdiction, and, following discovery, moved for summary judgment. Haza argued Dixon lacked evidence that Haza or Wendy's employees had actual or constructive notice of the rebar. *See* LA. STAT. ANN. § 2800.6(B)(2) (premises liability claimant must prove "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence").

Dixon failed to oppose the motion, which the district court granted, dismissing his claims with prejudice. Dixon was then given leave to file an untimely opposition. He argued that fact disputes on constructive knowledge were created by the testimony of store manager Cornell Paul and a photograph of the rebar. Paul testified he walked the parking lot earlier that day, making sure trash had been picked up. Such inspections occur two or three times per day, with one usually "post rush" around 1:00 or 2:00 p.m. Paul agreed the rebar was a hazard but maintained he did not know when the parking bumper had been dislodged. Over objections, he testified that he "assumed" the bumper would have left marks on the pavement if it had been recently moved, but there were no such marks. Dixon also presented a photograph of the rebar and of leaves accumulated behind the bumper. This debris, he claimed, showed the bumper had been moved some time ago, supporting his case for constructive knowledge.

2

No. 21-30316

Dixon simultaneously moved for relief from judgment, which the court denied.[1] Specifically, it ruled Dixon's evidence was "nothing more than speculation" that could not demonstrate Haza had constructive knowledge of the exposed rebar. The court entered judgment and Dixon timely appealed. We review the summary judgment *de novo*. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017); *see* FED. R. CIV. P. 56(d).

## II.

On appeal, Dixon argues that the district court erred because Paul's testimony and the photograph of the rebar show Haza had the requisite notice. We disagree.

Under Louisiana law, a plaintiff suing for premises liability must prove the defendant had actual or constructive notice of the hazard. LA. STAT. ANN. § 9:2800.6. The plaintiff "must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *White v. Wal-Mart Stores, Inc.*, 97-0393, p. 1 (La. 01/09/97); 699 So.2d 1081, 1082. This temporal element is a "prerequisite" to the plaintiff's claim, *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 331 (5th Cir. 2017) (quoting *Allen v. Wal-Mart Stores, Inc.*, 37,352, p. 5 (La. App. 2 Cir. 6/25/02); 850 So.2d 895, 898)), and even at summary judgment requires "factual support," *Babin v. Winn-Dixie La., Inc.*, 2000-0078, p. 4 (La. 06/30/00); 764 So.2d 37, 40. "'Mere speculation or suggestion' is not sufficient to meet this

---

[1] There was some confusion over the basis for Dixon's motion. Dixon appeared to invoke Federal Rules of Civil Procedure 59 and 60, but because final judgment had not yet been entered, the district court analyzed the motion under Rule 54(b). Whether this was the correct analysis is immaterial, however, because Dixon's notice of appeal sufficiently encompassed the prior grant of summary judgment as well.

burden, and courts will not infer constructive notice for the purposes of summary judgment where the plaintiff's allegations are 'no more likely than any other potential scenario.'" *Bagley*, 492 F.3d at 330 (quoting *Allen*, 850 So.2d at 898–99). Dixon has failed to make such a showing.

Dixon points to two cases where the plaintiff survived summary judgment because video evidence showed the hazard likely existed for some time before the fall. In *Blake v. Wal-Mart Louisiana, LLC*, No. 10-697, 2011 WL 6294023, at *4 (M.D. La. Dec. 15, 2011), video showed an employee working in the area for fifteen minutes before the plaintiff slipped on liquid. Because there was no indication of any spills during that time, the video created the reasonable inference that the spill occurred before the footage began. *Ibid.* Similarly, in *Guidry v. Brookshire Grocery Co.*, 2019-1999, p. 1–3 (La. 02/26/20); 289 So.3d 1026, 1027–28, a security video showed the area of plaintiff's accident for seventy minutes before she fell on a clear liquid substance. The video reasonably suggested the liquid had been present for some time before the recorded period. *Ibid.*

The video evidence in those cases, Dixon argues, is like his photograph of the leaves behind the parking bumper. We disagree. The videos in *Blake* and *Guidry* depicted the scene of the accident *before* it happened, showing the hazard existed at least as long as the surveillance footage. That logic does not extend to the evidence here. Dixon's photograph was taken at some unknown time *after* his fall and shows only that some debris had accumulated behind the bumper. That is quite unlike surveillance footage taken before the fall—which Dixon does not provide—and does not suggest how long the rebar might have been exposed. As the district court explained, "the photograph showing leaves piled up behind the moved parking slab does not indicate that it was out of place for some time but, instead, tends to show that those leaves were pushed behind the slab whenever it was moved."

No. 21-30316

Dixon next cites *Conner v. Brookshire Brothers, Inc.*, No. 2:16-01148, 2018 WL 943289, at *4–5 (W.D. La. Feb. 16, 2018), where the plaintiff slipped on a clear liquid near some drink coolers. She offered testimony from current and former employees that (1) past problems with the coolers led to leaking trays, (2) the coolers had leaked prior to plaintiff's fall, and (3) the manager had called maintenance complaining that leaks had led to a different customer falling. *Id.* at *4. Dixon fails to explain how *Conner* helps his case. No Haza employees testified that they were aware of problems with the bumper or the exposed rebar, or even that the bumper had been moved. Paul testified only that the rebar was probably a hazard and that employees regularly inspect the parking lot.[2] This is a far cry from the detailed testimony in *Conner*.

In sum, Dixon failed to show Haza had constructive notice of the hazard. The district court's summary judgment is AFFIRMED.[3]

---

[2] It is of no moment that Paul "assume[d]" the bumper would have left marks on the pavement shortly after being moved. The district court correctly noted that Paul had no expertise in "the friction produced by moving concrete" and that his assumption, at counsel's prompting, is only "conjecture and in no way positive proof" that the slab was out of place for any length of time.

[3] Because we conclude the district court correctly granted Haza summary judgment, we need not address its order denying Dixon relief from that summary judgment.