# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2023

Lyle W. Cayce
Clerk

————————

No. 23-30016

————————

David Thompson,

*Plaintiff—Appellant*,

*versus*

D G Louisiana, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CV-1371

———————————————————————

Before Clement, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

The district court granted summary judgment to Dollar General Louisiana, L.L.C. in this slip-and-fall case. We affirm.

## I.

Plaintiff David Thompson and his brother entered a Dollar General store in Alexandria, Louisiana on June 17, 2019. While there, Thompson's walker became entangled in a small stepstool that was in the pet supplies

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

aisle. Either in attempting to untangle his walker or a few seconds later, Thompson stepped onto another object lying on the floor of the aisle. **ROA. 399–400.** He fell, injuring his neck, shoulder, and arm. When Thompson's brother and a bystander heard him fall from a different aisle, they came to assist; once there, Thompson's brother noticed several objects on the floor near Thompson, including a dog bone and another unidentified object. **ROA. 438.** No one besides Thompson was in the aisle when he entered it or when he fell. **ROA.403.**

Thompson sued Dollar General in Louisiana state court for negligence and strict liability. **ROA.17–18.** Dollar General, asserting diversity jurisdiction under 28 U.S.C. § 1332, removed the suit to federal district court. **ROA.10–15.** Dollar General moved for summary judgment, contending that Thompson had failed to meet the evidentiary standards required by the Louisiana Merchant Liability Act, LA. R.S. 9:2800.6. **ROA.220–21.**

The district court granted Dollar General's motion. **ROA.501–02, 505.** Thompson timely appealed, arguing that he had sufficiently established a genuine dispute of material fact and that his claim should therefore have survived Dollar General's motion for summary judgment.

Our review is de novo. *Ezell v. Kansas City S. R.R. Co.*, 866 F.3d 294, 297 (5th Cir. 2017). We draw all reasonable inferences in favor of Thompson as the non-moving party. *See id.* at 298. But "all reasonable inferences" still require that Thompson establish sufficient facts to support his claim and do not allow for "implausible" inferences. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To survive a motion for summary judgment, Thompson must provide "specific facts showing that there is a genuine issue for trial." *Ibid.* (emphasis removed); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

No. 23-30016

## II.

Louisiana's Merchant Liability Act sets out a plaintiff's burden of proof in slip-and-fall cases. LA. R.S. 9:2800.6. As relevant here, the Act requires plaintiffs to provide proof that a merchant either (A) created the injurious hazard or (B) had constructive notice of it. To meet this burden, plaintiffs may show either that the merchant is "directly responsible" for the hazard, *Ferrant v. Lowe's Home Ctrs., Inc.*, 494 Fed. App'x 458, 462 (2012) (per curiam) (citing *Ross v. Schwegmann Giant Super Markets, Inc.*, 98-1036, (La. App. 1 Cir. 5/14/99), 734 So. 2d 910, 913; *Savoie v. Sw. La. Hosp. Ass'n*, 2003-982, (La. App. 3 Cir. 2/25/04), 866 So. 2d 1078, 1081), or that "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care," LA. R.S. 9:2800.6(C)(1); *see White v. Wal-Mart Stores, Inc.*, 97-0393, (La. App. 4 Cir. 9/9/97), 699 So. 2d 1081, 1084. At the summary judgment stage, Thompson must produce evidence sufficient to allow a reasonable jury to find in his favor. *See Matsushita*, 475 U.S. at 587.

Thompson has not met his burden on either theory of breach. First, Thompson presented no evidence that would allow jury to conclude that Dollar General created the hazard by leaving the stool on the floor. Instead, Thompson points to testimony that Dollar General employees sometimes used stools like the one he tripped on.[1] **ROA.442; 453.** That is insufficient to create a triable issue of fact that Dollar General was "directly responsible" for leaving the specific stool in the specific aisle that caused Thompson's specific injuries.

---

[1] For its part, Dollar General has explained that it sells stepstools like the one Thompson tripped over; they are not considered stocking equipment.

Thompson also contends that summary judgment is inappropriate because Dollar General failed to present evidence of who left the stool in the aisle. But it is not Dollar General's burden to prove anything; it is Thompson's. And the absence of evidence for the moving party who does not have the burden of proof at trial does not foreclose summary judgment. *See Matsushita*, 475 U.S. at 586 (explaining that the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts").

Second, Thompson failed to create a triable issue of fact on constructive notice. The Merchant Liability Act does not require stores to exercise anything more than "reasonable care" to discover and correct potential hazards. LA. R.S. 9:2800.6(B)(3); (C)(1). And the statute requires plaintiffs to prove that any hazard "existed for such a period of time" that, had the merchant exercised the requisite care, he must have discovered it. "There is no bright line time period, but 'some positive evidence is required of how long the condition existed prior to the fall.'" *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 331 (5th Cir. 2007) (quoting *Robinson v. Brookshires #26*, 33,713, p. 5 (La. App. 2 Cir. 8/25/00), 769 So. 2d 639, 642).

Here, however, Thompson has presented no evidence at all regarding how long the stool sat in the aisle. Without such evidence, Thompson cannot survive summary judgment on constructive notice. *See Donaldson v. Sam's East, Inc.*, No. 22-30189, 2021 WL 4898724, at *3–4 (5th Cir. Oct. 20, 2021) (per curiam).

Our decision in *Bagley* is not to the contrary. The plaintiff in that case survived summary judgment by producing evidence that the spill was so big that it spanned multiple aisles. 492 F.3d at 331. Moreover, Bagley produced evidence that the aisle was empty when she entered it and slipped, "implying

the passage of some time." *Ibid.* (quotation omitted). Here, by contrast, Thompson has no time evidence. Therefore, *Bagley* is distinguishable.

For the foregoing reasons, Thompson failed to create a triable issue of fact on claims for which he carries the burden of proof. Therefore, Dollar General is entitled to summary judgment.

AFFIRMED.